Stephen A. King, Esq. SBN 224683
KINGS JUSTICE LAW, APC
280 South Beverly, Penthouse
Beverly Hills, CA 90212
Telephone: (323) 546-4529
Email: sking@kingsjusticelaw.com

Mauro Quintero, SBN 272226
Juanita Kay, SBN 280205
KAY AND QUINTERO LAW
17116 Bellflower Blvd
Bellflower, CA 90706
Telephone: (562) 202-9933
Email: mauroquinterolawadm@gmail.com\

Loyst P. Fletcher, SBN 175539
LAW OFFICE OF LOYST P. FLETCHER
145 S. Spring Street, Unit 850
Los Angeles, CA 90012
Telephone: (424) 231-2864
Email: Loyst@lpfletcherlaw.com

Attorneys for Plaintiffs
ESTATE OF JOSAFAT BONIFACIO, et al.

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF JOSAFAT BONIFACIO et al.; A.B.T. individually and as successor in interest to JOSAFAT BONIFACIO, by and through his guardian ad litem, JACQUELINE M. TORRES MALDONADO; D.L.M. individually and as successor in interest to JOSAFAT BONIFACIO, by and through his guardian ad litem MARITZA PLASENIA-MARES; PATRICIA FLORES individually; and ANICETO CRUZ individually, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.: <br> **COMPLAINT FOR DAMAGES FOR:** <br><br> 1. Failure to Protect from Harm, Fourteenth Amendment Violation (42 U.S.C. § 1983); <br> 2. Failure to Provide Medical Care, Fourteenth Amendment Violation (42 U.S.C. § 1983); |

Plaintiffs,

v.

STATE OF CALIFORNIA,
NORTH KERN STATE PRISON,
and DOES 1-25,

Defendants.

_____

)   3. Deprivation of the Right to Familial
)       Relationship with Decedent (42
)       U.S.C. § 1983);
)   4. Municipal Liability –
)       Unconstitutional Policies, Customs,
)       Practices (*Monell*, 42 U.S.C. §
)       1983);
)   5. Municipal Liability – Failure to
        Train (*Monell*, 42 U.S.C. § 1983);
     6. Supervisory Liability (42 U.S.C. §
        1983);

**DEMAND FOR JURY TRIAL**

## INTRODUCTION

1. This civil rights action brought by THE ESTATE OF JOSAFAT
BONIFACIO et al.; A.B.T. individually and as successor in interest to JOSAFAT
BONIFACIO, by and through his guardian ad litem, JACQUELINE M. TORRES
MALDONADO; D.L.M. individually and as successor in interest to JOSAFAT
BONIFACIO, by and through his guardian ad litem MARITZA PLASENIA-
MARES; PATRICIA FLORES individually; and ANICETO CRUZ individually,
seeks to establish the true and unequivocal facts surrounding the brutal and violent
attack of JOSAFAT BONIFACIO on or about September 28, 2023, and to bring to
public light the deliberate disregard for safety and protection carried out by the
defendants in the present action.

2. This civil rights action further seeks to establish the violations of
fundamental rights under the United States Constitution, which resulted in the
attack of JOSAFAT BONIFACIO on or about September 28, 2023, an attack which
resulted in JOSAFAT BONIFACIO subsequent cruel death on September 28, 2023.

3. These claims arise from the wrongful death of JOSAFAT BONIFACIO on
September 28, 2023, while incarcerated at NORTH KERN STATE PRISON
(NKSP). Despite repeated requests for protective custody due to known threats,

NKSP custodial personnel failed to protect Mr. Bonifacio, leading to his murder by fellow inmates. Additionally, Defendants failed to provide Mr. Bonifacio with necessary medical care after the attack. Plaintiffs seek relief for violations of 42 U.S.C. § 1983, California's wrongful death statutes, and related state law claims.

## JURISDICTION AND VENUE

4.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourteenth Amendment to the United States Constitution, and the laws and Constitution of the State of California. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

5.  This Court has the authority to grant the requested declaratory relief pursuant to 28 U.S.C. §§ 2201, as well Federal Rules of Civil Procedure 57, including pursuant to the Court's inherent equitable powers.

6.  Venue is proper within the Eastern District of California pursuant to 28 U.S.C. § 1391(b)(1) and (2) because all Defendants reside within this district and the events and omissions giving rise to Plaintiffs' claims occurred within this district.

7.  Plaintiffs presented their government claims on behalf of Estate of Josafat Bonifacio, by and through, Patricia Flores and Aniceto Cruz on March 28, 2024.

## PARTIES

8.  Plaintiffs A.B.T, and D.L.M., were the natural children of JOSAFAT BONIFACIO (hereafter "BONIFACIO" or "DECEDENT"), and at all times relevant hereto were residents of Los Angeles County, California. Plaintiffs A.B.T., and D.T.M. bring these claims on behalf of decedent JOSAFAT BONIFACIO on the basis of 42 U.S.C. §1983 and §1988, the United States Constitution, federal civil rights law. Plaintiffs A.B.T., and D.L.M. also bring these claims as a Private Attorney General, to vindicate not only their rights, but others' civil rights of great importance.

9.  Plaintiff A.B.T, a minor, is an individual residing in the County of

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

LOS ANGELES and he is the natural son of DECEDENT JOSAFAT

BONIFACIO who brings this action by and through his natural mother and

Guardian ad Litem, JACQUELINE M. TORRES MALDONADO. Plaintiff A.B.T.

sues in his individual capacity as the natural son of DECEDENT JOSAFAT

BONAFACIO and in a representative capacity, as a successor-in-interest to THE

ESTATE OF JOSOFAT BONAFACIO pursuant to California C.C.P. Section

377.32. Plaintiff A.B.T. is an "heir at law" (C.C.P. Section 373.60, wrongful death)

and a "successor-in-interest" (C.C.P. Section 377.30, survival) to DECEDENT

JOSAFAT BONAFACIO. Plaintiff A.B.T. seeks damages under federal and state

law. Furthermore, Plaintiff A.B.T., seeks all damages available under federal and

state law including under C.C.P. Section 373.60 (wrongful death); C.C.P. Section

373.30 (survival) and under federal law for wrongful death and survival. The

damages sought by Plaintiff A.B.T. for the death of his father, DECEDENT

JOSAFAT BONAFACIO, include for loss of DECEDENT's love, companionship,

comfort, care, assistance, protection, affection, society, moral support; loss of

financial support and earning capacity; loss of gifts and benefits; funeral and burial

expenses; loss of relationship with DECEDENT, including loss of society and

companionship and the mental, physical and emotional pain and suffering of

DECEDENT and all other damages allowed under federal and state law. Plaintiff

the ESTATE OF JOSAFAT BONAFACIO appears through its successor-in-

interest, Plaintiff A.B.T.

    10. Plaintiff D.L.M., a minor, is an individual residing in the County of

LOS ANGELES and he is the natural son of DECEDENT JOSAFAT

BONAFACIO who brings this action by and through his natural mother and

Guardian ad Litem, MARITZA PLASENIA-MARES Plaintiff D.L.M. sues in his

individual capacity as the natural son of DECEDENT JOSAFAT BONAFACIO,

and in a representative capacity, as a Successor-in-interest to THE ESTATE OF

JOSAFAT BONAFACIO pursuant to California C.C.P. Section 377.32. Plaintiff

K.J.M. is the "heir at law" (C.C.P. Section 373.60, wrongful death) and "Successor-in-interest" (C.C.P. Section 377.30, survival) to DECEDENT JOSAFAT BONAFACIO. Plaintiff D.L.M. seeks damages under federal and state law. Furthermore, Plaintiff D.L.M. seeks all damages available under federal and state law including under C.C.P. Section 373.60 (wrongful death); C.C.P. Section 373.30 (survival) and under federal law for wrongful death and survival. The damages sought by Plaintiff D.L.M. for the death of his father, DECEDENT JOSAFAT BONAFACIO, include for loss of DECEDENT's love, companionship, comfort, care, assistance, protection, affection, society, moral support; loss of financial support and earning capacity; loss of gifts and benefits; funeral and burial expenses; loss of relationship with DECEDENT, including loss of society and companionship and the mental, physical and emotional pain and suffering of DECEDENT and all other damages allowed under federal and state law. Plaintiff the ESTATE OF JOSAFAT BONAFACIO appears through its Successor-in-interest, Plaintiff D.L.M.

11. Plaintiff PATRICIA FLORES and Plaintiff ANICETO CRUZ bring this action individually and as successors in interest to the Estate of Josafat Bonacacio. The claims arise from the wrongful death of Josafat Bonifacio.

12. At all times herein mentioned, Plaintiff PATRICIA FLORES, is, and was, a resident of the state of California and the natural surviving mother of DECEDENT JOSAFAT BONIFACIO. Plaintiff PATRICIA FLORES brings this action to recover the loss of familial relationship with her son, DECEDENT JOSAFAT BONIFACIO, who was brutally killed.

13. At all times herein mentioned, Plaintiff ANICETO CRUZ, is, and was, a resident of the state of California and the natural surviving father of DECEDENT JOSAFAT BONIFACIO. Plaintiff ANICATO CRUZ brings this action to recover the loss of familial relationship with his son, DECEDENT JOSAFAT BONIFACIO, who was brutally killed.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

14. Defendant North Kern State Prison (NKSP) is a state prison located in Delano, California. It is a facility operated by the California Department of Corrections and Rehabilitation (CDCR) and is responsible for the care and custody of inmates, including Mr. Bonifacio. Defendant NKSP is a public entity that includes the STATE OF CALIFORNIA. Defendant STATE OF CALIFORNIA and NKSP is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies, including the NKSP, and its agents, Deputies, Sergeants, Supervisors and employees. At all times relevant to the facts alleged herein, Defendant STATE OF CALIFORNIA was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of the NKSP and its employees and agents complied with the laws and the Constitution of the United States and of the State of California.

15. Defendant DOES 1-25 include Unknown NKSP Custodial Personnel, sued herein as DOES 1-25, are correctional officers and other employees at NKSP whose identities are currently unknown. These defendants were involved in or contributed to the constitutional violations and wrongful death of Mr. Bonifacio. DOES 1-25 include Mr. Bonifacio's counselor, who denied his request for protection.

16. DOES 1-25 are sued in their individual and official capacities. Plaintiffs are informed and believe, and based thereon allege, that each of the DOE Defendants was responsible for the actions, omissions, policies, and customs that violated Mr. Bonifacio's rights and led to his death. Plaintiffs will amend this complaint to state the true names and capacities of the DOE Defendants when they are ascertained.

## STATEMENT OF FACTS

17. Josafat Bonifacio, a 32-year-old man, was incarcerated at North Kern State Prison (NKSP) in Delano, California, at the time of his death on September 28, 2023.

18. NKSP is a facility operated by the California Department of Corrections and

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

Rehabilitation (CDCR) and is responsible for the safety, custody, and care of its inmates, including Mr. Bonifacio.

19. The State of California is responsible for the safety, custody, and care of its inmates, including Mr. Bonifacio.

20. Mr. Bonifacio was serving his sentence at NKSP when he began receiving threats from other inmates, who had identified him as a target. These threats were credible, ongoing, and posed a serious risk to his safety.

21. Mr. Bonifacio, fearing for his life, made multiple formal and informal requests to be placed in protective custody. He informed his counselor and other NKSP staff that he had been threatened and that he felt unsafe in general population. His fear of violence from fellow inmates was well-documented in the prison records.

22. Before or around the time of Mr. Bonifacio's murder, Christopher Cruz, Mr. Bonifacio's brother, called the watch commander at NKSP, to request protective custody for Mr. Bonifacio. Mr. Bonifacio's family expressed to NKSP employees their fear for his safety.

23. DOES 1-25 include the watch commander, counselor and other custodial employees of NKSP, all who acted with deliberate indifference to this request and no steps were taken.

24. As a result of these threats, Mr. Bonifacio made a specific request to be placed into protective custody to his counselor, who was working as an employee of NKSP at the time. Mr. Bonifacio explained the danger he was in and expressed fear for his life if he remained in the general prison population.

25. Despite his repeated requests, NKSP personnel, including the counselor and Defendant Unknown NKSP Custodial Personnel (DOES 1-25) failed to take any reasonable steps to protect Mr. Bonifacio. They did not move him to a protective custody unit, isolate him from the known threats, or take any other precautionary measures. Instead, they kept Mr. Bonifacio in general population and

allowed other inmates to learn of his request for protective custody. It was well known that there was a severe risk to his safety.

26. NKSP custodial personnel a.k.a. Defendant DOES 1-25, including prison staff who had the authority to make decisions about inmate placement, acted with deliberate indifference and with reckless disregard for Mr. Bonifacio's safety. They ignored the clear and present danger posed by the inmates who had threatened him, even though these individuals had a history of violent behavior within the prison system.

27. Instead of protecting Mr. Bonafacio, NKSP custodial personnel allowed it to be known to other inmates that the Decedent had made a request to be put into protective custody. This increased Mr. Bonafacio's risk of danger and retaliation in general population.

28. NKSP has a formal process of requesting protective custody. NKSP custodial personnel were required to adhere to and enforce the policy and procedures for requesting protective custody, but deliberately failed to do.

29. On the morning of September 28, 2023, at approximately 12:36 PM, Josafat Bonifacio was attacked by two inmates, Andrew Jimenez and Anthony Rivera, in a common area of the prison. These individuals were known to be dangerous, and their hostility toward Mr. Bonifacio was a matter of public record within the prison administration.

30. The attackers, Jimenez and Rivera, used an inmate-manufactured weapon—a makeshift knife—to stab Mr. Bonifacio multiple times. The assault occurred in a highly populated area, yet NKSP custodial personnel failed to intervene in a timely manner to stop the attack. Prison staff who were present at the time of the incident failed to take immediate action to protect Mr. Bonifacio, allowing the attack to continue for several critical minutes.

31. As a result of the attack, Mr. Bonifacio suffered multiple stab wounds to his

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

torso, back, and neck. Despite the severity of his injuries, NKSP personnel failed to provide him with prompt or adequate medical attention. Mr. Bonifacio was left bleeding on the floor of the common area for several minutes before any medical personnel arrived.

32. By the time medical staff arrived, it was too late to save Mr. Bonifacio. He was transported to a nearby medical facility, but he was pronounced dead shortly after arrival due to the extensive blood loss and severe internal injuries he had sustained.

33. NKSP custodial personnel's failure to promptly summon medical assistance and their delayed response to the attack further contributed to Mr. Bonifacio's death. Had they acted with the urgency required in such situations, Mr. Bonifacio might have avoided or survived the injuries.

34. The California Department of Corrections and Rehabilitation (CDCR) and NKSP have a well-documented history of violent incidents involving inmate-on-inmate assaults. The NKSP reported record-breaking in-custody homicides in 2023. Yet the prison administration and staff failed to implement adequate measures to prevent such incidents, particularly in situations involving inmates with known threats against them.

35. Defendants, including DOES 1-25, had a duty to ensure the safety of inmates under their care, especially when there were credible threats to an inmate's life. They failed to exercise reasonable care in supervising the inmates, responding to Mr. Bonifacio's requests for protective custody, and preventing the attack that led to his death.

36. Defendant State of California is responsible for the operations and oversight of the California Department of Corrections and Rehabilitation (CDCR), which includes North Kern State Prison (NKSP) and its employees. As the governing entity, the State of California is ultimately responsible for ensuring the proper training, supervision, and conduct of its employees at NKSP.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

37. Under the doctrine of respondeat superior, an employer, including public entities like the State of California, is vicariously liable for the wrongful acts of its employees committed within the course and scope of their employment. At all relevant times, DOES 1-25, who were employed at NKSP, were acting within the scope of their duties as custodial personnel of the State.

38. The State of California, through its agents and employees at NKSP, had a duty to ensure the safety, security, and protection of inmates under its custody, including Josafat Bonifacio. The failure of the State's employees to respond appropriately to Mr. Bonifacio's requests for protective custody and their failure to prevent or mitigate the attack that led to his death constitute a breach of this duty.

39. As the entity responsible for NKSP, the State of California is liable for the negligent actions and omissions of its employees, including their failure to protect Mr. Bonifacio from known threats, their failure to provide adequate supervision, and their delay in rendering necessary medical care after he was attacked.

40. As such, the State of California is directly liable for the harm and damages suffered by Mr. Bonifacio and his family as a result of the actions of its employees at NKSP, which were carried out during the course and scope of their employment.

41. Under the doctrine of respondeat superior, an employer is vicariously liable for the wrongful acts of its employees committed within the course and scope of their employment. At all relevant times, DOES 1-25 were employed by NKSP, and their actions, including their failure to protect Mr. Bonifacio, were committed while they were acting under the authority of their positions as custodial personnel.

42. NKSP, through its agents and employees, had a duty to ensure the safety and security of inmates housed in its facility, including Mr. Bonifacio. The failure of NKSP's employees to honor Mr. Bonifacio's request for protective custody, to provide adequate supervision, and to render timely medical care constitutes a breach of that duty.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

43. NKSP is liable for the negligent acts and omissions of its employees, including their failure to provide reasonable protection to Mr. Bonifacio, which directly resulted in his death. As such, NKSP is responsible for the harm and damages caused to Mr. Bonifacio and his family as a result of these actions.

44. NKSP is liable for the deliberately indifferent and reckless acts and omissions of its employees, including their failure to provide reasonable protection to Mr. Bonifacio, which directly resulted in his death. As such, NKSP is responsible for the harm and damages caused to Mr. Bonifacio and his family as a result of these actions.

45. Plaintiff alleges that NKSP, the State of California, and its policymakers were aware of a pattern of misconduct by custodial personnel, including unconstitutional acts, but failed to discipline staff or implement necessary policy changes. Supervisors at NKSP were deliberately indifferent to the rights and serious medical needs of inmates, including the decedent Mr. Bonifacio. These supervisors either directed or allowed their subordinates to engage in misconduct or failed to prevent known violations of constitutional rights.

46. NKSP's unconstitutional policies and practices were encouraged and ratified by state officials, resulting in violations of the decedent's rights under California Civil Code § 52.1, the U.S. Constitution, and the California Constitution.

47. The failure to protect Mr. Bonifacio and the failure to provide timely and adequate medical care directly led to his untimely death, causing irreparable harm to his family, including his children A.B.T and D.L.M., his mother Patricia Flores and his father Aniceto Cruz, who have been deprived of his love, companionship, comfort, society, and support.

48. As a result of Defendants' actions and omissions, A.B.T and D.L.M., Patricia Flores and Aniceto Cruz, as successors in interest to the Estate of Josafat Bonifacio, have suffered emotional distress, loss of support, and significant financial damages related to the death of their father and son.

1

2

3

4

5

**FIRST CLAIM FOR RELIEF**

**FAILURE TO PROTECT FROM HARM**

**VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES**

**CONSTITUTION**

**(By All Plaintiffs As Against All Defendants)**

6       49. Plaintiffs reallege and incorporates herein by reference each of the preceding

7   paragraphs in this complaint and any subsequent paragraphs.

8       50. Josafat Bonifacio was a convicted inmate in the custody of NKSP. As such,

9   he was entitled under the Eighth Amendment to be free from cruel and unusual

10  punishment, including a right to reasonable protection from known threats posed by

11  other inmates.

12      52. Upon information and belief, Defendants knew that Andrew Jiminez and that

13  Anthony Rivera was known to be dangerous, and upon information and belief their

14  hostility towards Mr. Bonifacio was a matter of public record within the prison

15  administration.

16      53. Upon information and belief, Defendants knew that Andrew Jiminez and

17  Anthony Rivera had a propensity for violence and posed a danger to other inmates

18  because, upon information and belief, Andrew Jiminez and Anthony Rivera have a

19  documented history of attacking other inmates, of which Defendants were aware of

20  by reviewing incident reports related to Andrew Jiminez and Anthony Rivera's

21  history of violence towards other inmates and detainees.

22      54. Nonetheless, despite having express and actual knowledge about the deadly

23  risks which JOSAFAT BONIFACIO faced, Defendants acted with deliberate

24  indifference when they callously made the intentional decision of placing him back

25  into the general prison population after he had requested to be placed into protective

26  custody because of known credible threats to his life.

27      55. Defendants acted with deliberate indifference because they made the

28

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

conscious choice of not housing JOSAFAT BONIFACIO in protective custody but rather letting it be known to the general prison population of his request to be put into protective custody exposing him to violent persons and consciously disregarded the foreseeable consequence from such action, which was death or serious bodily injury to JOSAFAT BONIFACIO.

56. Clearly, given that, upon information and belief, Andrew Jiminez and Anthony Rivera had a known history of violence towards other inmates and detainees, placing JOSAFAT BONIFACIO back into the general population after his request to be put into protective custody created a substantial risk of suffering serious harm to which Defendants, and each of them, did not take reasonable measures to reduce such risk even though any reasonable person would have appreciated the high risks involved in the situation, knowing of Andrew Jiminez and Anthony Rivera documented history of attacking other inmates and detainees.

57. Clearly, such conditions put JOSAFAT BONIFACIO at substantial risk of suffering serious harm. Despite having clear knowledge regarding the substantial risks that JOSAFAT BONIFACIO faced by not being housed in protective custody after making a request to do so.

58. Defendants and each of them did not take any reasonable available measures to abate or reduce the risks JOSAFAT BONIFACIO faced even though a reasonable person in the circumstances would have appreciated the high degree of risk involved.

59. Therefore, Defendants' conduct caused the obvious consequence that JOSAFAT BONIFACIO would face death or serious bodily injury. Accordingly, by not taking such measures, Defendants caused JOSAFAT BONIFACIO's death.

60. Defendants subjected JOSAFAT BONIFACIO to their wrongful conduct, depriving JOSAFAT BONIFACIO of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of JOSAFAT BONIFACIO and others would be violated by their acts and/or

1  omissions.

2      61. As a direct and proximate result of Defendants' acts and/or omissions as

3  set forth above, JOSAFAT BONIFACIO, sustained injuries and damages.

4      62. The conduct of Defendants entitles Plaintiffs to punitive damages and

5  penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs do

6  not seek punitive damages against Defendants STATE OF CALIFORNIA or

7  NKSP.

8      63. Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42

9  U.S.C. § 1988, and other applicable United States and California codes and laws.

10                    **SECOND CLAIM FOR RELIEF**

11              **FAILURE TO PROVIDE MEDICAL CARE**

12      **Violation of the Eighth Amendment to the United States Constitution**

13              **(By All Plaintiffs As Against All Defendants)**

14      64. Plaintiffs reallege and incorporates herein by reference each of the preceding

15  paragraphs in this complaint and any subsequent paragraphs.

16      65. Inmates such as JOSAFAT BONIFACIO have a Eighth Amendment

17  right to needed medical care. *See Castro v. County of Los Angeles*, 833 F.3d 1060

18  (9th Cir. 2016) (en banc); *see also Gordon v. County of Orange,* 888 F.3d 1118,

19  1124–25 (9th Cir. 2018).

20      66. By the actions and omissions described above, Defendants as alleged herein,

21  violated JOSAFAT BONIFACIO's Eighth Amendment rights, by depriving

22  Decedent JOSAFAT BONIFACIO, of the following clearly established and well

23  settled constitutional rights protected by the Eighth Amendment to the United

24  States Constitution: JOSAFAT BONIFACIO's right to be free from deliberate

25  indifference to JOSAFAT BONIFACIO's serious medical and mental health needs

26  while in custody as secured by the Eighth Amendment.

27      67. By the actions and omissions as alleged herein, including but not limited to

28

their failure to provide JOSAFAT BONIFACIO with appropriate medical need based upon JOSAFAT BONIFACIO's need for medical treatment. JOSAFAT BONIFACIO desperately needed medical treatment because of the symptoms he was experiencing from being stabbed as he continued to deteriorate until he was no longer alive.

68. Worst yet, Defendants not take reasonable available measures to abate or reduce the risk of serious harm, even though a reasonable person under the circumstances would have understood the high degree of risk involved—making the consequences of the Defendants' conduct obvious.

69. Clearly, given that JOSAFAT BONIFACIO life was in danger and at risk, Defendants, and each of them, did not take reasonable measures to reduce such risk even though any reasonable person would have appreciated the high risks involved in the situation. By failing to take such reasonable measures, it was obvious and foreseeable that JOSAFAT BONIFACIO could die from his injuries if not provided medical care from being stabbed multiple times. Therefore, by not taking such measures, Defendants, and each of them, caused JOSAFAT BONIFACIO 's death.

70. As a direct and proximate result of Defendants' conduct, the civil rights of JOSAFAT BONIFACIO, as protected by the Eighth Amendment of the United States Constitution were violated. Further, Decedent JOSAFAT BONIFACIO experienced physical pain, severe emotional distress, and mental anguish, as well as loss of his life and other damages alleged herein.

71. Defendants subjected JOSAFAT BONIFACIO to their wrongful conduct, depriving JOSAFAT BONIFACIO of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of JOSAFAT BONIFACIO and others would be violated by their acts and/or omissions.

1

2

72. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, JOSAFAT BONIFACIO, sustained injuries and damages.

3

4

5

6

73. The conduct of Defendants entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs do not seek punitive damages against Defendants STATE OF CALIFORNIA and NKSP.

7

8

74. Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

9

10

11

12

**THIRD CLAIM FOR RELIEF**

**42 U.S.C. § 1983 – DEPRIVATION OF THE RIGHTS OF PLAINTIFF TO FAMILIAL RELATIONSHIPS WITH THE DECEDENT**

**(By All Plaintiffs As Against All Defendants)**

13

14

15

75. Plaintiffs reallege and incorporate by reference each of the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

16

17

18

19

20

21

22

23

24

76. The aforementioned acts and/or omissions of Defendants DOES 1 through 10 in being deliberately indifferent to Decedent JOSAFAT BONIFACIO's protection, safety, and serious medical and mental health needs, violating Decedent JOSAFAT BONIFACIO's constitutional rights, and their failure to train, supervise, and/or take other appropriate measures to prevent the acts and/or omissions that caused the untimely and wrongful death of JOSAFAT BONIFACIO and deprived all Plaintiffs here of their liberty interests in the familial relationship in violation of their substantive due process rights as defined by the Fourteenth Amendments of the Constitution.

25

26

77. All of the acts of Defendants DOES 1 through 10, and the persons involved were done under color of state law.

27

28

78. The acts and omissions of each Defendants deprived Plaintiffs A.B.T,

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

D.L.M., PATRICIA FLORES and Plaintiff ANICETO CRUZ, of United States, including but not limited to the Fourteenth Amendment by, among other things, depriving Plaintiffs of their rights to a familial relationship with Decedent JOSAFAT BONIFACIO without due process of law by their deliberate indifference in denying NKSP protection and safety while incarcerated at the NKSP with an inmate known for their propensity for violence towards other inmates and detainees.

79. Defendants DOES 1 through 10 and the other involved agents and employees acted pursuant to expressly adopted official policies or longstanding practices or customs of STATE OF CALIFORNIA and NKSP. These include policies and longstanding practices or customs of failing to provide persons in pretrial custody who are experiencing medical emergencies access to medical care as stated above and incorporated herein.

80. In addition, the training policies of the STATE OF CALIFORNIA and NKSP were not adequate to train its deputies, agents and employees to handle the usual and recurring situations with which they must deal with, including but not limited to encounters with individuals in custody who are experiencing medical emergencies. These Defendants and each of them knew that its failure to adequately train its NKSP custody, medical and mental health staff, including other agents and employees, to interact with individuals suffering from medical emergencies made it highly predictable that its custody, medical and mental health staff would engage in conduct that would deprive persons such as Decedent JOSAFAT BONIFACIO, and thus Plaintiffs of their rights. These Defendants were thus deliberately indifferent to the obvious consequences of their failure to train their deputies, agents and employees adequately.

81. Defendants STATE OF CALIFORNIA and NKSP official policies and/or longstanding practices or customs, including but not limited to its training

1  policies, caused the deprivation of the constitutional rights of Plaintiffs A.B.T,

2  D.L.M., PATRICIA FLORES and Plaintiff ANICETO CRUZ and Decedent

3  JOSAFAT BONAFICIO by each individual Defendant's official policies and/or

4  longstanding practices or customs are so closely related JOSAFAT BONAFICIO's

5  injuries and death and thus the deprivation of the rights of Plaintiffs as to be the

6  moving force causing those injuries.

7      82.Defendant DOES 11 through 20 ratified the actions and omissions of

8  Defendants DOES 1 through 10, all of whom were custody, medical and mental

9  health staff at the NKSP, in that he had knowledge of and made a deliberate choice

10  to approve their unlawful acts and omissions.

11      83.As a direct and proximate result of Defendants' conduct, the civil rights of

12  JOSAFAT BONIFACIO, as protected by the Fourteenth Amendment of the United

13  States Constitution were violated. Further, Decedent JOSAFAT BONIFACIO

14  experienced physical pain, severe emotional distress, and mental anguish, as well as

15  loss of his life and other damages alleged herein.

16      84.Defendants subjected Decedent to their wrongful conduct, depriving

17  Decedent of rights described herein, knowingly, maliciously, and with conscious

18  and reckless disregard for whether the rights and safety of Decedent and others

19  would be violated by their acts and/or omissions.

20      85.As a direct and proximate result of Defendants' acts and/or omissions as set

21  forth above, Plaintiffs sustained injuries and damages.

22      86.The conduct of Defendants entitles Plaintiffs to punitive damages and

23  penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs do

24  not seek punitive damages against Defendants STATE OF CALIFORNIA and

25  NKSP.

26      87.Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42

27  U.S.C. § 1988, and other applicable United States and California codes and laws.

28  / / /

**FOURTH CLAIM FOR RELIEF**

**Municipal Liability - Unconstitutional Policies, Customs, and Practices**

(***Monell* - 42 U.S.C. § 1983**)

**(By All Plaintiffs As Against All Defendants)**

88. Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

89. At all times relevant hereto, the STATE OF CALIFORNIA custody, medical and mental health staff were required to adhere to and enforce the following policies and procedures:

   a. To deny post-trial detainees and other inmates safety and protection by mixing non-violent pretrial detainees with violent inmates.

   b. To deny post-trial detainees and other inmates access to timely, appropriate, competent, and necessary care for serious medical needs, requiring such inmates in crisis to remain untreated in jail instead of providing for their emergency medical needs;

   c. To allow and encourage deputies doing regular cell checks on inmates, including in safety cells, to fail to document their actual observations of the inmate's condition and status, in violation of Los Angeles County's written policies and state law;

   d. To allow and encourage inadequate and incompetent medical care for jail inmates and arrestees;

   e. To hire, retain and contract for obviously inadequate medical care for jail inmates and arrestees, including creating financial incentives for custodial and medical personnel not to send inmates with emergency medical needs to a hospital;

   f. To allow, encourage, and require medical staff, including licensed vocational nurses and registered nurses, to work outside their legal scope of practice and without appropriate supervision;

19

g. To fail to train custody staff that medical staff, including licensed vocational nurses, are not competent to assess or decide inmates' medical conditions, medical needs, or whether the inmate should be permitted to remain in the jail versus being sent to a hospital;

h. To allow, encourage, and require unlicensed, incompetent, inadequately trained and/or inadequately supervised staff to assess inmates' medical condition, needs, and treatment, including to decide whether or not to provide inmates with necessary emergency care and hospitalization;

i. To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning handling persons in medical crisis;

j. To cover up violations of constitutional rights by any or all of the following:

   i. By failing to properly investigate and/or evaluate incidents of violations of rights, including by unconstitutional medical care at the jail;

   ii. By ignoring and/or failing to properly and adequately investigate and/or investigate and discipline unconstitutional or unlawful conduct by custodial and medical personnel;

   iii. By turning a blind eye to custodial and medical personnel who direct, aid, and/or assist with the distribution of hazards, including illicit drugs, into North Kern State Prison; and

   iv. By allowing, tolerating, and/or encouraging custodial and medical personnel to: fail to file complete and accurate reports; file false reports; make false statements; and/or obstruct or interfere with investigations of unconstitutional or unlawful conduct by withholding and/or concealing material information;

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

k. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers, NKSP personnel, custodial personnel and medical personnel at the jail whereby an officer or member of the NKSP or medical staff does not provide adverse information against a fellow officer, or member of the NKSP or the medical staff;

l. To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in subparagraphs (a) through (j) above, with deliberate indifference to the rights and safety of pretrial detainees, such as JOSAFAT BONIFACIO, and in the face of an obvious need for such policies, procedures, and training programs.

90. The unconstitutional actions and/or omissions of Defendants DOES 1 through 10, as well as other officers employed by or acting on behalf of the STATE OF CALIFORNIA and the NKSP, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the STATE OF CALIFORNIA and the NKSP, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policymaking officers for the STATE OF CALIFORNIA and NKSP:

a. To fail to properly and adequately hire, train, supervise, and monitor custodial and medical personnel at the prisons;

b. To fail to use appropriate and generally accepted law enforcement procedures for handling persons in medical crisis;

c. To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning handling persons in medical crisis;

d. To cover up violations of constitutional rights by any or all of the following:

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

       i.  By failing to properly investigate and/or evaluate complaints or incidents of handling of persons in medical crisis;

      ii.  By ignoring and/or failing to properly and adequately investigate and/or discipline unconstitutional or unlawful law enforcement activity; and

     iii.  By allowing, tolerating, and/or encouraging law enforcement officers to: fail to file complete and accurate reports; file false reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful law enforcement conduct by withholding and/or concealing material information;

e.  To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers whereby an officer does not provide adverse information against a fellow law enforcement officer;

f.  To allow, tolerate, and/or encourage a "code of silence" among custodial and medical personnel at the prisons whereby custodial and medical personnel does not provide adverse information against a fellow staffer;

g.  To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in subparagraphs (a) through (g) above, with deliberate indifference to the rights and safety of pretrial detainees, such as JOSAFAT BONIFACIO, and in the face of an obvious need for such policies, procedures, and training programs.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

91. Defendant supervisors had knowledge of in adequacy of Supervision and deliberate indifference towards inmates' rights to be protected from harm at the North Kern State Prison and failed to take corrective action.

92. Defendants STATE OF CALIFORNIA and the NKSP, through their employees and agents, and through their policy-making supervisors and DOES 1 through 10, failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants DOES 1 through 10, and other STATE OF CALIFNORNIA and the NKSP personnel, with deliberate indifference to the constitutional rights of JOSAFAT BONIFACIO, and others in similar positions, as described above, and therefore, those rights thereby violated.

93. The unconstitutional actions and/or omissions of Defendants DOES 1 through 10, and other STATE OF CALIFORNIA and the NKSP custody and medical staff, as described above, were approved, tolerated, and/or ratified by policymaking officers for the STATE OF CALIFORNIA and the NKSP, including Defendants STATE OF CALIFORNIA and the NKSP and DOES 1 through 10. Plaintiffs are informed and believe and thereon allege that the details of this incident have been revealed to the authorized policymakers within the STATE OF CALIFNORNIA and the NKSP, and that such policymakers have direct knowledge of the fact that the death of JOSAFAT BONIFACIO was the result of deliberate indifference to his rights to be protected and safe while in the custody of the STATE OF CALIFORNIA and the NKSP, and his rights to have access to medical care when suffering a medical emergency. Notwithstanding this knowledge, the authorized policymakers within the STATE OF CALIFORNIA and the NKSP have approved of the conduct and decisions of Defendants DOES 1 through 10 in this matter, and have made a deliberate choice to endorse such conduct and decisions, and the basis for them, that resulted in the death of JOSAFAT BONIFACIO By so doing, the authorized policymakers within the STATE OF CALIFORNIA and the NKSP have shown affirmative agreement with the individual Defendants' actions

1    and have ratified the unconstitutional acts of the individual Defendants.

2    Furthermore, Plaintiffs are informed and believe, and thereupon allege, that

3    Defendants STATE OF CALIFORNIA and the NKSP and DOES 1 through 10, and

4    other policy-making officers for the STATE OF CALIFORNIA and the NKSP

5    were and are aware of a pattern of misconduct and injury caused by STATE OF

6    CALIFORNIA and the NKSP custody and medical staff similar to the conduct of

7    Defendants described herein, but failed to discipline culpable custody and medical

8    staff and failed to institute new procedures and policy within the STATE OF

9    CALIFORNIA and the NKSP

10    94. The aforementioned customs, policies, practices, and procedures; the failures

11    to properly and adequately hire, train, instruct, monitor, supervise, evaluate,

12    investigate, and discipline; and the unconstitutional orders, approvals, ratification,

13    and toleration of wrongful conduct of Defendants CALIFORNIA and the NKSP

14    were a moving force and/or a proximate cause of the deprivations of JOSAFAT

15    BONIFACIO's clearly established and well-settled constitutional rights in violation

16    of 42 U.S.C. § 1983. Defendants subjected JOSAFAT BONIFACIO to their

17    wrongful conduct, depriving JOSAFAT BONIFACIO of rights described herein,

18    knowingly, maliciously, and with conscious and reckless disregard for whether the

19    rights and safety of JOSAFAT BONIFACIO and others would be violated by their

20    acts and/or omissions.

21    95. As a direct and proximate result of the unconstitutional actions, omissions,

22    customs, policies, practices, and procedures of Defendants STATE OF

23    CALIFORNIA and the NKSP, as described above, JOSAFAT BONIFACIO

24    suffered serious injuries, Plaintiff is entitled to damages, penalties, costs, and

25    attorneys' fees against Defendants STATE OF CALIFORNIA and the NKSP.

26    96. As a direct and proximate result of Defendants DOES 1-10's acts and/or

27    omissions as set forth above, JOSAFAT BONIFACIO, sustained injuries and

28    damages.

1   97.Plaintiffs are also entitled to reasonable costs and attorneys' fees under

2   42 U.S.C. § 1988, and other applicable United States and California codes and

3   laws.

4   **FIFTH CLAIM FOR RELIEF**

5   **Municipal Liability - Failure to Train**

6   **(42 U.S.C. § 1983)**

7   **(By All Plaintiffs As Against All Defendants)**

8   98.Plaintiffs reallege and incorporates herein by reference each of the

9   preceding paragraphs of this complaint, and any subsequent paragraphs.

10   99."[T]he inadequacy of police training may serve as the basis for § 1983

11   liability inly when the failure to train amounts to deliberate indifference to the

12   rights of persons with whom the police come into contact." *Flores v. County of Los*

13   *Angeles*, 758 F.3d 1154, 1158 (9th Cir. 2014) (quoting *City of Canton v. Harris*,

14   489 U.S. 378, 388 (1989)).

15   100.    Plaintiffs claims that the death of JOSAFAT BONIFACIO was a result

16       of the

17   Defendants STATE OF CALIFORNIA and NKSP's failure to train their

18   employees.

19   101.    At all relevant times, the individual defendants, were acting in the

20   course of his employment with the Defendants STATE OF CALIFORNIA and

21   NKSP's under color of law. The actions and omissions of the individual employees,

22   inclusive deprived JOSAFAT BONIFACIO of particular rights guaranteed under

23   the laws and Constitutions of the United States and California, as set forth in the

24   relevant, earlier claims for relief.

25   102.    Defendants STATE OF CALIFORNIA and NKSP's training of the

26   individual defendants did not adequately instill the necessary discipline, restraint,

27   and respect for civil rights required of enforcement personnel, especially in light of

28

the Defendants STATE OF CALIFORNIA and NKSP's decision to continue to employ the individual defendants despite their incompetence.

103.    Indeed, on and for some time prior to September 28, 2023 (and continuing to the present date), Defendants STATE OF CALIFORNIA and NKSP's acting with deliberate indifference to the rights and liberties of the public in general, and of A JOSAFAT BONIFACIO, and of persons in his class, situation and comparable position in particular, failed to train their employees in the following regard:

a.  Failure To fail to properly and adequately hire, train, supervise, and monitor custodial and medical personnel at the prisons;

b.  To fail to use appropriate and generally accepted law enforcement procedures for handling persons in medical crisis;

c.  To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning handling persons in medical crisis;

d.  To cover up violations of constitutional rights by any or all of the following:

i.  By failing to properly investigate and/or evaluate complaints or incidents of handling of persons in medical crisis;

ii.  By ignoring and/or failing to properly and adequately investigate and/or discipline unconstitutional or unlawful law enforcement activity; and

iii.  By allowing, tolerating, and/or encouraging law enforcement officers to: fail to file complete and accurate reports; file false reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations

PLAINTIFFS' COMPLAINT FOR DAMAGES

1        of unconstitutional or unlawful law enforcement conduct by

2        withholding and/or concealing material information;

3    e.  To allow, tolerate, and/or encourage a "code of silence" among law

4        enforcement officers whereby an officer does not provide adverse

5        information against a fellow law enforcement officer;

6    f.  To allow, tolerate, and/or encourage a "code of silence" among

7        custodial and medical personnel at the STATE OF CALIFORNIA and

8        NKSP's whereby custodial and medical personnel does not provide

9        adverse information against a fellow staffer;

10    g.  To fail to have and enforce necessary, appropriate, and lawful policies,

11        procedures, and training programs to prevent or correct the

12        unconstitutional conduct, customs, and procedures described in

13        subparagraphs (a) through (g) above, with deliberate indifference to

14        the rights and safety of pretrial detainees, such as JOSAFAT

15        BONIFACIO, and in the face of an obvious need for such policies,

16        procedures, and training programs.

17    104.    This failure of Defendants STATE OF CALIFORNIA and NKSP to

18    provide adequate training caused the variously alleged deprivations of JOSAFAT

19    BONIFACIO's rights by the individual defendants; that is, the STATE OF

20    CALIFORNIA and NKSP's failure to train is so closely related to the deprivation

21    of JOSAFAT BONIFACIO's rights as to be the moving force that caused his

22    ultimate injuries.

23    105.    Clearly, Defendants STATE OF CALIFORNIA and NKSP, were

24    deliberately indifferent to the obvious consequences of its failure to train its

25    deputies and employees adequately.

26    106.    Indeed, STATE OF CALIFORNIA and NKSP failed to trained its

27    guards and employees to such an unconstitutional degree that it resulted in a

28    significant number of deaths based upon STATE OF CALIFORNIA and NKSP

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

lacking the necessary training. Between 2018 and 2023, the STATE OF

CALIFORNIA and NKSP had reflected the lack of training.

107.    The aforementioned customs, policies, practices, and procedures; the

failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate,

investigate, and discipline; and the unconstitutional orders, approvals, ratification,

and toleration of wrongful conduct of Defendants STATE OF CALIFORNIA and

NKSP were a moving force and/or a proximate cause of the deprivations of

JOSAFAT BONIFACIO's clearly established and well-settled constitutional rights

in violation of 42 U.S.C. § 1983. Defendants subjected JOSAFAT BONIFACIO to

their wrongful conduct, depriving JOSAFAT BONIFACIO of rights described

herein, knowingly, maliciously, and with conscious and reckless disregard for

whether the rights and safety of JOSAFAT BONIFACIO and others would be

violated by their acts and/or omissions.

108.    As a direct and proximate result of the unconstitutional actions,

omissions, customs, policies, practices, and procedures of Defendants STATE OF

CALIFORNIA and NKSP, as described above, JOSAFAT BONIFACIO suffered

serious injuries, Plaintiff is entitled to damages, penalties, costs, and attorneys' fees

against Defendants STATE OF CALIFORNIA and NKSP.

109.    As a direct and proximate result of Defendants DOES 1-10's acts

and/or omissions as set forth above, JOSAFAT BONIFACIO, sustained injuries

and damages.

110.    Plaintiffs are also entitled to reasonable costs and attorneys' fees under

42 U.S.C. § 1988, and other applicable United States and California codes and

laws.

## SIXTH CLAIM FOR RELIEF

### Supervisory Liability Causing Constitutional Violations,

### (42 U.S.C. § 1983)

### (By All Plaintiffs As Against All Defendants)

111.    Plaintiffs reallege and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

112.    At all material times, DOES 1 through 25 had the duty and responsibility to constitutionally hire, train, instruct, monitor, supervise, evaluate, investigate, staff, and discipline the other Defendants employed by their respective agencies in this matter, as well as all employees and agents of the STATE OF CALIFORNIA and NKSP.

113.    Defendants and DOES 1 through 25 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline the respective employees of their agencies, including Defendants DOES 1 through 10, and other STATE OF CALIFORNIA and NKSP personnel, with deliberate indifference to JOSAFAT BONIFACIO's and others' constitutional rights, which were thereby violated as described above.

114.    As supervisors, Defendants and DOES 1 through 25 each permitted and failed to prevent the unconstitutional acts of other Defendants and individuals under their supervision and control, and failed to properly supervise such individuals, with deliberate indifference to the rights to safety and protection while incarcerated at NKSP and the rights to the serious medical and mental health needs of JOSAFAT BONIFACIO. Supervising Defendants either directed his or her subordinates in conduct that violated Decedent's and Plaintiffs' rights, or set in motion a series of acts and omissions by his or her subordinates that the supervisor knew or reasonably should have known would deprive JOSAFAT BONIFACIO of rights, or knew his or her subordinates were engaging in acts likely to deprive JOSAFAT BONIFACIO of rights and failed to act to prevent his or her subordinate from engaging in such conduct, or disregarded the consequence of a known or obvious training deficiency that he or she must have known would cause subordinates to violate JOSAFAT BONIFACIO's rights, and in fact did cause the violation of JOSAFAT BONIFACIO's rights. (*See*, Ninth Circuit Model Civil Jury

Instruction 9.4). Furthermore, each of these supervising Defendants is liable for their failures to intervene in their subordinates' apparent violations of JOSAFAT BONIFACIO's rights.

115.    The unconstitutional customs, policies, practices, and/or procedures of Defendants STATE OF CALIFORNIA and NKSP, as stated herein, were directed, encouraged, allowed, and/or ratified by policymaking officers for Defendants STATE OF CALIFORNIA and NKSP, including Defendants DOES through 25, respectively, with deliberate indifference to JOSAFAT BONIFACIO's and others' constitutional rights, which were thereby violated as described above.

116.    The unconstitutional actions and/or omissions of Defendants DOES 1 through 25, and other STATE OF CALIFORNIA and NKSP personnel, as described above, were approved, tolerated, and/or ratified by policymaking officers for the STATE OF CALIFORNIA and NKSP, including Defendants and DOES1 through 25.

117.    Plaintiff is informed and believes and thereon alleges that the details of this incident have been revealed to Defendants and DOES 1 through 25 through their review of incident reports and video footage of housing units following the death of a detainee or inmate and that such Defendant-policymakers have direct knowledge of the fact that the brutal attack by JOSAFAT BONIFACIO was not justified, necessary, and preventable because and DOES 1 through 25 were on notice of JOSAFAT BONIFACIO predatory behavior towards other inmates and detainees and his documented history of violence towards other inmates and detainees, and thus represents deliberate indifference to JOSAFAT BONIFACIO rights to be protected and safe while in the STATE OF CALIFORNIA and NKSP's custody. Notwithstanding this knowledge, on information and belief, Defendants and DOES 1 through 25 have approved and ratified the conduct and decisions of Defendants DOES 1 through 25 in this matter, and have made a deliberate choice to endorse such conduct and decisions, and the basis for them, that resulted in the

harm that JOSAFAT BONIFACIO has suffered. By so doing, Defendants and DOES 1 through 25 have shown affirmative agreement with the individual Defendants' actions and have ratified the unconstitutional acts of the individual Defendants.

118.    Furthermore, Plaintiffs are informed and believe, and thereupon allege, that Defendants and DOES 1 through 25 and other policymaking officers for the STATE OF CALIFORNIA and NKSP and LASD were and are aware of a pattern of misconduct and injury, and a code of silence, caused by STATE OF CALIFORNIA and NKSP's custody, medical and mental health staff personnel similar to the conduct of Defendants described herein, but failed to discipline culpable law enforcement officers and employees and failed to institute new procedures and policy within the STATE OF CALIFORNIA and NKSP.

119.    The aforementioned customs, policies, practices, and procedures; the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; and the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct of Defendants and DOES 1 through 10 were a moving force and/or a proximate cause of the deprivations of JOSAFAT BONIFACIO's clearly established and well-settled constitutional rights in violation of 42 U.S.C. § 1983, as more fully set forth above.

120.    Defendants subjected JOSAFAT BONIFACIO to their wrongful conduct, depriving JOSAFAT BONIFACIO of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of JOSAFAT BONIFACIO and others would be violated by their acts and/or omissions.

121.    As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendants and DOES 1 through 10 as described above, Decedent lost his life and Plaintiffs are entitled to damages, penalties, costs, and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants, jointly and severally, and award the following relief:

1. Violation of JOSAFAT BONIFACIO'S constitutional rights pursuant to federal civil rights law;

2. JOSAFAT BONIFACIO loss of life, pursuant to federal civil rights law;

3. JOSAFAT BONIFACIO's conscious pain, suffering, and disfigurement, pursuant to civil rights law;

4. Punitive damages as to individual Defendants.

5. All other damages, penalties, costs, interests and attorney fees as allowed by 42 U.S.C. s 1983 and 1988; and as otherwise may be allowed by federal law.

6. All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988; and as otherwise may be allowed by California and/or federal law.

Respectfully Submitted,

DATED: September 26, 2025                **KINGS JUSTICE LAW, APC**

By: _____
STEPHEN A. KING
Attorney for Plaintiffs

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

## <u>PLAINTIFF'S DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby demand a trial by jury in this action.

Respectfully Submitted,

DATED: September 26, 2025          **KINGS JUSTICE LAW, APC**

By: _____
                STEPHEN A. KING
                Attorney for Plaintiffs

33

**PLAINTIFFS' COMPLAINT FOR DAMAGES**