1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11   ANICETO CRUZ, *et al.*,                    Case No. 1:25-cv-01278-CDB

12                 Plaintiffs,                   ORDER REQURING PLAINTIFFS TO
                                                 SHOW CAUSE WHY DEFENDANTS
13          v.                                   STATE OF CALIFORNIA AND NORTH
                                                 KERN STATE PRISON SHOULD NOT BE
14   STATE OF CALIFORNIA, *et al.*,              DISMISSED FROM THIS ACTION

15                 Defendants.                   (Doc. 1)

16                                               **10-DAY DEADLINE**

17

18          Plaintiffs Aniceto Cruz, Patricia Flores, Estate of Josafat Bonifacio, minor A.B.T., as

19   successor in interest to Josafat Bonifacio, by and through his purported guardian ad litem Jacqueline

20   M. Torres Maldonado, and minor D.L.M., as successor in interest to Josafat Bonifacio, by and

21   through his purported guardian ad litem, Maritza Plasenia-Mares (collectively, "Plaintiffs")

22   initiated this action with the filing of a complaint against Defendants State of California and North

23   Kern State Prison ("NKSP") (collectively, "Defendants") on September 26, 2025.  (Doc. 1).[1]

24          Upon preliminary review of the complaint, the Court notes that named Defendants State of

25

26          [1] Certain of Plaintiffs improperly have referred to themselves pseudonymously without leave of
     court. *See generally Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000).
27   Moreover, certain of Plaintiffs refer to certain *guardians ad litem*; however, they have neither proffered
     appropriate evidence of the appointment of a representative for a minor or incompetent person under state
28   law nor filed a motion for the appointment of a *guardian ad litem* in this Court.  *See* Fed. R. Civ. P. 17(c);
     Local Rule 202.  Plaintiffs are directed to promptly remedy these deficiencies.

California and North Kern State Prison may be immune from liability for Plaintiffs' claims for damages and subject to dismissal from this action. Specifically, the Eleventh Amendment prohibits federal courts from hearing suits brought against a nonconsenting state. *Munoz v. Super. Ct. of Los Angeles Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024); *Taylor*, 880 F.2d at 1045. "This prohibition applies when the "state or the 'arm of a state' is a defendant." *Id*. (quoting *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422 (9th Cir. 1991)); *see Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Thus, the Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. *Nat. Res. Def. Council v. Cal. Dep't of Transp.*, 96 F.3d 420, 421 (9th Cir. 1996).

A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam). The State of California has not waived its Eleventh Amendment immunity for federal claims under section 1983. *Dittman v. California*, 191 F.3d 1020, 1025–26 (9th Cir. 1999) (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)); *see Brown v. Cal. Dep't. of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity). Therefore, insofar as Plaintiffs attempt to sue NKSP, that state entity is immune from suit.

Accordingly, Plaintiffs will be ordered to show cause in writing why Defendants State of California and NKSP should not be dismissed from this action as immune defendants.

## **Conclusion and Order**

For the foregoing reasons, IT IS HEREBY ORDERED that **within 10 days** from the date of issuance of this order, Plaintiffs SHALL show cause in writing why Defendants State of California and North Kern State Prison should not be dismissed from this action as immune defendants.

**Any failure by Plaintiffs to comply with this Order will result in the imposition of sanctions, including a recommendation to dismiss the action without prejudice.** Fed. R. Civ. P. 41(b) (stating that dismissal is warranted "[i]f the plaintiff fails to … comply with … a court order"); *see Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689

(9th Cir. 2005).

IT IS SO ORDERED.

Dated:   **October 1, 2025**

UNITED STATES MAGISTRATE JUDGE