UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANICETO CRUZ, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>        Defendants. | Case No. 1:25-cv-01278-CDB<br><br>ORDER DIRECTING PLAINTIFFS TO FILE MOTIONS FOR APPOINTMENT OF GUARDIAN AD LITEM FOR A.B.T. AND D.L.M.<br><br>ORDER DIRECTING PLAINTIFFS TO FILE MOTION TO PROCEED UNDER PSEUDONYM FOR A.B.T. AND D.L.M. OR A REPORT WHY SUCH MOTION IS NOT NECESSARY<br><br>(Doc. 1)<br><br>**14-DAY DEADLINE** |

       Plaintiffs Aniceto Cruz, Patricia Flores, Estate of Josafat Bonifacio, minor A.B.T., as successor in interest to Josafat Bonifacio, by and through his purported guardian ad litem Jacqueline M. Torres Maldonado, and minor D.L.M., as successor in interest to Josafat Bonifacio, by and through his purported guardian ad litem, Maritza Plasenia-Mares (collectively, "Plaintiffs") initiated this action with the filing of a complaint against Defendants State of California and North Kern State Prison ("NKSP") (collectively, "Defendants") on September 26, 2025. (Doc. 1).

       On October 1, 2025, the Court ordered Plaintiffs to show cause in writing why the State of California and NKSP should not be dismissed from this action as immune defendants. (Doc. 4). Therein, the Court noted that certain of Plaintiffs improperly have referred to themselves

pseudonymously without leave of court, and have referred to certain *guardians ad litem* while neither proffering appropriate evidence of the appointment of a representative for a minor or incompetent person under state law nor filed a motion for the appointment of a *guardian ad litem* in this Court. *Id.* at 1, n. 1. The Court directed Plaintiffs to promptly remedy these deficiencies. *Id.* On October 11, 2025, Plaintiffs filed their reply to the order to show cause, representing therein that they will seek leave to amend the complaint to bring the causes of action against the individual Doe Defendants only. (Doc. 5 at 2). Plaintiffs further represented that they will promptly, within ten (10) days, provide appropriate evidence as it relates to the use of pseudonym and will seek leave of Court in this regard, as well as present appropriate evidence of the appointment of a representative for a minor pursuant to Federal Rule of Civil Procedure 17(c). *Id.*

On October 14, 2025, the Court granted Plaintiffs' construed request for leave to amend the complaint and ordered them to file an amended complaint naming only the Doe Defendants no later than October 21, 2025, and held the order to show cause in abeyance pending Plaintiffs' timely compliance with the order. (Doc. 6).

**Order Directing Plaintiffs to File Motions for Appointment of Guardian Ad Litem**

The complaint alleges that A.B.T. proceeds by and through his natural mother and purported guardian ad litem Jacqueline M. Torres, and that D.L.M. proceeds by and through his natural mother and purported guardian ad litem Maritza Plasenia-Mares. (Doc. 1 ¶¶ 1, 9, 10). The complaint alleges that A.B.T. and D.L.M., as the natural minor children of decedent Josafat Bonifacio, bring the claims on behalf of their decedent father pursuant to 42 U.S.C. § 1983 and § 1988 and as a Private Attorney General. *Id.* ¶ 8. The complaint alleges that A.B.T. and D.L.M. are "heir[s] at law" and "successor[s]-in-interest" pursuant to both California state wrongful death and survival statutes and under federal law. *Id.* ¶¶ 8, 9.

Pursuant to Eastern District of California Local Rule 202,

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

Local Rule 202(a) (citing Fed. R. Civ. P. 17(c)).  Because the claims of minor Plaintiffs A.B.T. and D.L.M. may only be brought "by a next friend or guardian ad litem," a guardian must be appointed by the Court to protect the interests of each minor Plaintiff.  *See* Fed. R. Civ. P. 17(c)(2).  Although the complaint refers to Jacqueline M. Torres as the natural mother and purported guardian ad litem for A.B.T., and refers to Maritza Plasenia-Mares as the natural mother and purported guardian ad litem for D.L.M., as of the date of entry of this order, Plaintiffs have presented neither "appropriate evidence of the appointment of a representative for [each] minor or incompetent person under state law" or a motion in this Court for the appointment of a guardian ad litem for each minor Plaintiff.

Accordingly, as set forth below, the Court will order Plaintiffs to file submission of evidence of the appointment of a guardian ad litem for minor Plaintiffs A.B.T. and D.L.M. or file a motion for the appointment of a guardian ad litem for minor Plaintiffs A.B.T. and D.L.M. consistent with Federal Rule of Civil Procedure 17 and Local Rule 202.

### **Order Directing Plaintiffs to File a Motion to Proceed Under Pseudonym**

As noted above, the complaint identifies Plaintiffs A.B.T. and D.L.M. each as a "minor" that "is an individual" residing in the County of Los Angeles, as an "heir at law" and a "successor-in-interest" under both federal and California state law.  (Doc. 1 ¶¶ 8-10).  It is well established that minors may proceed in a suit anonymously.  Fed. R. Civ. P. 5.2(a).

"[M]any federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000).  "In this circuit…parties [may] use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary…to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id*. at 1067-68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)).  "[A] district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id*. at 1068.

The Ninth Circuit has identified three situations in which parties have been allowed to proceed under pseudonyms: "(1) when the identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature;

and (3) when the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution…" *Id*. (citations and internal quotations marks omitted). A party requesting to proceed pseudonymously has the burden of showing that their "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*. at 1068-69.

Though Plaintiffs have indicated they will promptly provide appropriate evidence in support of their request for minor Plaintiffs A.B.T. and D.L.M. to proceed in this action pseudonymously (*see* Doc. 5 at 2), and no formal request has yet been filed, the Court finds it appropriate to direct Plaintiffs to either file a motion for Plaintiffs A.B.T. and D.L.M. to proceed pseudonymously in this action or a report indicating why a motion for A.B.T. and D.L.M. to proceed pseudonymously is unnecessary.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that, **within 14 days** of entry of this order:

1. Plaintiffs shall file either (a) a motion for the appointment of a guardian ad litem for minor Plaintiffs A.B.T. and D.L.M.. consistent with Federal Rule of Civil Procedure 17 and Local Rule 202, or (b) appropriate evidence of the appointment of a representative for minor Plaintiffs A.B.T. and D.L.M. consistent with state law; and

2. Plaintiffs shall file either (a) a motion for minor Plaintiffs A.B.T. and D.L.M. to proceed pseudonymously in this action, or (b) a report demonstrating that such motion is not necessary.

IT IS SO ORDERED.

Dated:   **October 15, 2025**

UNITED STATES MAGISTRATE JUDGE

4