1
2
3
4
5
6
7

8                      UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   ANICETO CRUZ, *et al.*, | Case No. 1:25-cv-01278-CDB |
| 12                    Plaintiffs, | ORDER DENYING WITHOUT PREJUDICE MOTIONS TO APPOINT GUARDIAN AD LITEM FOR PLAINTIFFS D.L.M. AND A.B.T. |
| 13          v. | |
| 14   DOES 1-50, | (Docs. 11, 12, 15, 16) |
| 15                    Defendant. | **14-DAY DEADLINE** |
| 16 | ORDER GRANTING MOTIONS TO PROCEED UNDER PSEUDONYM FOR PLAINTIFFS D.L.M. AND A.B.T. |
| 17 | |
| 18 | (Docs. 13, 14) |
| 19 | |

20        Pending before the Court are the motions of Plaintiffs Aniceto Cruz, Patricia Flores, Estate of

21  Josafat Bonifacio, minor A.B.T., as successor in interest to Josafat Bonifacio, by and through his

22  purported guardian ad litem Jacqueline M. Torres Maldonado, and minor D.L.M., as successor in

23  interest to Josafat Bonifacio, by and through his purported guardian ad litem, Maritza Plasenia-Mares

24  (collectively, "Plaintiffs") to: (1) appoint guardian ad litem for D.L.M. and A.B.T. (Docs. 11, 12, 15,

25  16), and (2) to proceed under pseudonym for D.L.M. and A.B.T. (Docs. 13, 14), filed on October 29,

26  2025.  For the reasons set forth herein, the Court will deny Plaintiffs' motions to appoint guardian ad

27  litem D.L.M. and A.B.T. without prejudice and grant Plaintiffs' motions to proceed under pseudonym

28  for D.L.M. and A.B.T.

## I.     **Background**

Plaintiffs initiated this action with the filing of a complaint against the State of California and North Kern State Prison ("NKSP") on September 26, 2025.  (Doc. 1).  On October 1, 2025, the Court ordered Plaintiffs to show cause in writing why the State of California and NKSP should not be dismissed from this action as immune defendants.  (Doc. 4).  Therein, the Court noted that certain of Plaintiffs improperly have referred to themselves pseudonymously without leave of court, and have referred to certain *guardians ad litem* while neither proffering appropriate evidence of the appointment of a representative for a minor or incompetent person under state law nor filed a motion for the appointment of a *guardian ad litem* in this Court.  *Id.* at 1, n.1.  The Court directed Plaintiffs to promptly remedy these deficiencies.  *Id.*

On October 11, 2025, Plaintiffs filed their reply to the order to show cause, representing therein that they would seek leave to amend the complaint to bring the causes of action against the individual Doe Defendants only.  (Doc. 5 at 2).  Plaintiffs further represented that they promptly provide appropriate evidence as it relates to the use of pseudonym and would seek leave of Court in this regard, as well as present appropriate evidence of the appointment of a representative for a minor pursuant to Federal Rule of Civil Procedure 17(c).  *Id.*

On October 14, 2025, the Court granted Plaintiffs' construed request for leave to amend the complaint and ordered them to file an amended complaint naming only the Doe Defendants no later than October 21, 2025, and held the order to show cause in abeyance pending Plaintiffs' timely compliance with the order. (Doc. 6).  Following Plaintiff's filing of the first amended complaint (Doc. 8), on October 22, 2025, the Court discharged the order to show cause and terminated State of California and NKSP from this action based on Plaintiffs' construed voluntary dismissal of those defendants.  (Docs. 9, 10).

On October 15, 2025, the Court directed Plaintiffs to file (1) either (a) a motion for the appointment of a guardian ad litem for minor Plaintiffs A.B.T. and D.L.M.. consistent with Federal Rule of Civil Procedure 17 and Local Rule 202, or (b) appropriate evidence of the appointment of a representative for minor Plaintiffs A.B.T. and D.L.M. consistent with state law, and (2) either (a) a motion for minor Plaintiffs A.B.T. and D.L.M. to proceed pseudonymously in this action, or (b) a report demonstrating that such motion is not necessary.  (Doc. 7 at 4).  At the Court's direction, on October

29, 2025, Plaintiffs filed the pending motions to appoint guardians ad litem for D.L.M. and A.B.T. and to proceed under pseudonym for D.L.M. and A.B.T.  (Docs. 11-16).  The Court addresses the motions in turn below.

## II.    Motions to Appoint Guardian Ad Litem (Docs. 11, 12, 15, 16)

### A.    Governing Authority

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor may sue or defend on the minor's behalf.  Fed. R. Civ. P. 17(c).  A court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."  *Id.*  The capacity of an individual to sue is determined "by the law of the individual's domicile."  Fed. R. Civ. P. 17(b)(1).

Under California law, an individual under the age of 18 is a minor, and a minor may bring suit if a guardian conducts the proceedings.  Cal. Fam. Code §§ 6502, 6601.  The Court may appoint a guardian ad litem to represent the minor's interests.  Cal. Code Civ. P. § 372(a).  To evaluate whether to appoint a particular guardian ad litem, the Court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1); *see id.* § 372(d)(1)–(2) ("Before a court appoints a guardian ad litem pursuant to this chapter, a proposed guardian ad litem shall disclose both of the following to the court and all parties to the action or proceeding: (1) Any known actual or potential conflicts of interest that would or might arise from the appointment[; and] (2) [a]ny familial or affiliate relationship the proposed guardian ad litem as with any of the parties.").

The appointment of the guardian ad litem is more than a mere formality.  *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986).  A Court shall take whatever measures it deems appropriate to protect the interests of the individual during the litigation.  *See id.* (noting, "[a] guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation.").  The guardian need not possess any special qualifications, but she must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate."  *AT&T Mobility, LLC v. Yeager*, 143 F. Supp.3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)).  This means that the guardian cannot face an impermissible conflict of interest with the ward, and courts consider the

3

candidate's "experience, objectivity and expertise" or previous relationship with the ward. *Id*. (citations omitted).

Further, the Local Rules of the Eastern District of California provide:

(a) Appointment of Representative or Guardian. Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c); …

(c) Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount. (E.D. Cal. Local Rule 202).

The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804. Fit parents are presumed to act in the best interests of their children. *Troxel v. Granville*, 530 U.S. 57, 66 (2000). However, "if the parent has an actual or potential conflict of interest with [their] child, the parent has no right to control or influence the child's litigation." *Molesky for J.M. v. Carillo*, No. 1:22-cv-1567-ADA-CDB, 2022 WL 17584396, at *1 (E.D. Cal. Dec. 12, 2022) (quoting *Williams v. Super. Ct. of San Diego*, 147 Cal. App. 4th 36, 50 (2007)).

## B.    Analysis

Plaintiffs' motions represent that Plaintiffs D.L.M. and A.B.T., as minors, cannot appear in this action except through a guardian ad litem. (Doc. 11 ¶ 1; Doc. 12 ¶ 1). Plaintiffs represent that Maritza Plasenia-Mares, the mother of D.L.M., and Jacqueline Torres, the mother of A.B.T., are suitable persons to act as guardian ad litem for their respective minor child in this action because they have been involved in every part of the case, understand what is in their minor child's best interest, are responsible, and will make sure the rights of their minor child are protected. (Doc. 11 ¶ 6; Doc. 12 ¶ 6). Both proposed guardians ad litem have consented to serve as guardian ad litem for their respective minor child. (Doc. 11 ¶ 7; Doc. 12 ¶ 7). Plaintiffs represent that the proposed guardians ad litem have no interests adverse

to those of their respective minor child and are not connected with any adverse party. (Doc. 15 at 3; Doc. 16 at 3).

Here, Plaintiffs' motions do not comply with Local Rule 202(c). Neither motion discloses the terms under which counsel for Plaintiffs was employed and whether counsel became involved in the application at the insistence of any Defendant. (Docs. 11, 12, 15, 16). Moreover, Plaintiffs' motions do not demonstrate whether counsel for Plaintiffs stands in any relationship to Defendants or whether counsel has received or expects to receive any compensation, from whom, and the amount. *See* Local Rule 202(c).

Further, though the motion offers unsworn representations that Maritza Plasenia-Mares, the mother of and proposed guardian ad litem for D.L.M., and Jacqueline Torres, the mother of and proposed guardian ad litem for A.B.T., have no interests adverse to those of their minor child Plaintiff (Doc. 15 at 3; Doc. 16 at 3), that is not sufficient to satisfy the Court that there are, in fact, no conflicts of interest. A sworn attestation by the proposed guardians ad litem is the appropriate method of satisfying the Court the proposed guardians ad litem does not have interests divergent to those of the minor Plaintiffs. *See* Cal. Code Civ. P. § 372(b)(1); *see also id.* § 372(d)(1)–(2) ("Before a court appoints a guardian ad litem pursuant to this chapter, a proposed guardian ad litem shall disclose both of the following to the court and all parties to the action or proceeding: (1) Any known actual or potential conflicts of interest that would or might arise from the appointment[; and] (2) [a]ny familial or affiliate relationship the proposed guardian ad litem as with any of the parties.").

Accordingly, the Court will deny Plaintiffs' motions without prejudice to Plaintiffs' filing of renewed applications compliant with Local Rule 202(c) and this order.

## III.    Motions to Proceed Under Pseudonym for D.L.M. and A.B.T.

### A.    Governing Authority

Rule 10 of the Federal Rules of Civil Procedure requires that every complaint must include the name of all parties. Fed. R. Civ. P. 10(a). Rule 17 further provides that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Rule 5.2 provides that, unless the court orders otherwise, court filings involving minors must name the minor only by his initials. Fed. R. Civ. P. 5.2(a)(3).

The presumption that parties to a lawsuit will use their real names is "loosely related" to the public's right to open courts and the rights of individuals to confront their accusers. *Doe v. Kamehameha Schools*, 596 F.3d 1036, 1042 (9th Cir. 2010). However, "many federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). "In this circuit…parties [may] use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary…to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id.* at 1067-68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). "[A] district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id.* at 1068.

The Ninth Circuit has identified three situations in which parties have been allowed to proceed under pseudonyms: "(1) when the identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution…" *Id.* (citations and internal quotations marks omitted). A party requesting to proceed pseudonymously has the burden of showing that their "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068-69.

## B.    Analysis

Plaintiffs D.L.M. and A.B.T. seek to proceed in this case using pseudonyms rather than their full names due to "the exceptionally sensitive and personal nature of the claims involved … and the substantial risk of harm that could result from public disclosure of their identities" as D.L.M. and A.B.T. are minors. (Doc. 13 ¶¶ 1, 7). Plaintiffs represent that the use of pseudonyms in this case will not prejudice Defendant(s) because they will still have full access to Plaintiffs' identities through confidential disclosures. *Id.* ¶ 8; *see* (Doc. 14 at 4).

It is well established that minors may proceed in a suit anonymously and, absent court order to the contrary, must be named only by their initials in filings before the Court. *See* Fed. R. Civ. P. 5.2(a). Given the sensitive and highly personal nature of this action involving minor Plaintiffs and the

1    demonstrated risk of harm, harassment, and injury, the Court finds good cause to grant Plaintiffs'

2    motions for minor Plaintiffs D.L.M. and A.B.T. to proceed pseudonymously in this action. *See id.*;

3    Local Rule 140(a)(i); *Advanced Textile Corp.*, 214 F.3d at 1067; *e.g.*, *Doe by and through Doe v.*

4    *Mariposa Cnty. Unified School District*, No. 1:24-cv-01033-BAM, 2024 WL 4133214, *1 (E.D. Cal.

5    Sept. 10, 2024) (granting ex parte motion to proceed under pseudonym for minor plaintiff).

6    **IV.    Conclusion and Order**

7           Accordingly, it is HEREBY ORDERED:

8           1. Plaintiffs' motions for the appointment of guardian ad litem for minor Plaintiffs D.L.M. and

9              A.B.T. (Docs. 11, 12, 15, 16) are DENIED without prejudice;

10          2. Within **14 days** of the date of entry of this order, Plaintiffs SHALL FILE renewed

11             applications that remedy the aforementioned deficiencies consistent with Local Rule 202(c)

12             and this order;

13          3. Plaintiffs' motions to permit minor Plaintiffs D.L.M. and A.B.T. to proceed pseudonymously

14             (Docs. 13, 14) are GRANTED.  All parties and their counsel shall use the pseudonym

15             "D.L.M." in place of Plaintiff D.L.M.'s legal name, and the pseudonym "A.B.T." in place of

16             Plaintiff A.B.T.'s legal name, in all future pleadings and papers filed in this action; and

17          4. The parties are prohibited from disclosing or publishing the true name of Plaintiffs D.L.M.

18             and A.B.T. except by order of this Court and as necessary toward the litigation of this case.

19    IT IS SO ORDERED.

20    Dated:   __October 30, 2025__                    _____

21                                                     UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28