UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANICETO CRUZ, *et al.*,<br><br>                Plaintiffs,<br><br>        v.<br><br>DOES 1-50,<br><br>                Defendant. | Case No. 1:25-cv-01278-CDB<br><br>ORDER REQURING PLAINTIFFS TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFFS' FAILURE TO COMPLY WITH THE COURT'S ORDERS<br><br>(Doc. 18)<br><br>**THREE (3)-DAY DEADLINE** |

**Relevant Background**

Plaintiffs Aniceto Cruz, Patricia Flores, Estate of Josafat Bonifacio, minor A.B.T., as successor in interest to Josafat Bonifacio, by and through his purported guardian ad litem Jacqueline M. Torres Maldonado, and minor D.L.M., as successor in interest to Josafat Bonifacio, by and through his purported guardian ad litem, Maritza Plasenia-Mares (collectively, "Plaintiffs") initiated this action with the filing of a complaint against State of California and North Kern State Prison on September 26, 2025. (Doc. 1). On October 22, 2025, Plaintiffs filed the operative, first amended complaint against unnamed Defendants Does 1-50. (Doc. 8).

On October 30, 2025, the Court entered an order (1) denying without prejudice Plaintiffs'' motions to appoint guardian ad litem for D.L.M. and A.B.T., and (2) granting Plaintiffs' motions to proceed under pseudonym for D.L.M. and A.B.T. (Doc. 18). Plaintiffs were directed to file

within 14 days of entry of that order, *i.e.*, by November 13, 2025, renewed applications for the appointment of guardians ad litem that remedy the identified deficiencies consistent with Local Rule 202(c) and the order. *Id.* at 7. The time for Plaintiffs to file renewed applications has passed and Plaintiffs have failed to comply with the Court's order.

**Order to Show Cause**

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Here, Plaintiffs were ordered to file renewed applications for guardians ad litem for minor Plaintiffs D.L.M. and A.B.T. consistent with the Court's order and Local Rule 202(c) by November 13, 2025. *See* (Doc. 18). Plaintiffs have failed to file renewed applications for guardians ad litem consistent with the Court's order and the time to do so has passed. Accordingly, the Court will direct Plaintiffs to show cause in writing why sanctions should not be imposed for their failure to comply with a court order. Plaintiffs will be permitted to comply with this order to show cause in the alternative by filing renewed applications for guardians ad litem consistent with the Court's order (Doc. 18) and Local Rule 202(c) by the same deadline set forth below.

///

///

///

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiffs are ORDERED to show cause in writing **within three (3) days** from the entry of this order why sanctions should not be imposed for their failure to comply with the Court's order (Doc. 18) and the Local Rules, as set forth herein. Alternatively, Plaintiffs may comply with this order by filing by that same deadline renewed applications for guardians ad litem for minor Plaintiffs D.L.M. and A.B.T. consistent with the Court's order and Local Rule 202(c).  *See* (Doc. 18).

**Any failure by Plaintiffs to comply with this Order will result in the imposition of sanctions, including a recommendation to dismiss the action without prejudice.**  Fed. R. Civ. P. 41(b) (stating that dismissal is warranted "[i]f the plaintiff fails to … comply with … a court order"); *see Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

IT IS SO ORDERED.

Dated:   **November 17, 2025**

UNITED STATES MAGISTRATE JUDGE