UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANICETO CRUZ, *et al.*,<br><br>           Plaintiffs,<br><br>     v.<br><br>DOES 1-50,<br><br>           Defendant. | Case No. 1:25-cv-01278-CDB<br><br>ORDER GRANTING PLAINTIFFS' RENEWED MOTIONS TO APPOINT GUARDIAN AD LITEM FOR PLAINTIFFS D.L.M. AND A.B.T.<br><br>(Docs. 20, 21)<br><br>**14-DAY DEADLINE** |

Pending before the Court are the renewed motions of Plaintiffs Aniceto Cruz, Patricia Flores, Estate of Josafat Bonifacio, minor A.B.T., as successor in interest to Josafat Bonifacio, by and through his purported guardian ad litem Jacqueline M. Torres Maldonado, and minor D.L.M., as successor in interest to Josafat Bonifacio, by and through his purported guardian ad litem, Maritza Plasenia-Mares (collectively, "Plaintiffs") to appoint guardian ad litem for D.L.M. and A.B.T., filed on November 20, 2025. (Docs. 20, 21).

I.   **Background**

Plaintiffs initiated this action with the filing of a complaint against the State of California, North Kern State Prison ("NKSP"), and unnamed Doe defendants on September 26, 2025. (Doc. 1). Plaintiffs filed the operative, first amended complaint on October 22, 2025, removing the State of California and NKSP as named defendants. (Doc. 8). Thus, this action proceeds only on Plaintiffs' claims against Does 1-50.

1  On October 15, 2025, the Court directed Plaintiffs to file, among other things either (1) a motion for the appointment of a guardian ad litem for minor Plaintiffs A.B.T. and D.L.M.. consistent with Federal Rule of Civil Procedure 17 and Local Rule 202, or (2) appropriate evidence of the appointment of a representative for minor Plaintiffs A.B.T. and D.L.M. consistent with state law.  (Doc. 7 at 4).  After Plaintiffs filed motions for appointment of guardians ad litem (Docs. 11, 12, 15, 16), on October 30, 2025, the Court denied the motions and ordered Plaintiffs to file renewed motions that remedy deficiencies noted in the Court's order.  (Doc. 18).

On November 17, 2025, the Court ordered Plaintiffs to show cause in writing why sanctions should not be imposed for their failure to comply with the Court's orders to file renewed motions for guardian ad litem.  (Doc. 19).  Plaintiffs were afforded the opportunity to comply with the order in the alternative by filing by that same deadline renewed applications for guardian ad litem as previously directed.  *Id.* at 3.  In compliance with the Court's order, on November 20, 2025, Plaintiffs filed the pending renewed applications for guardian ad litem for Plaintiffs D.L.M. and A.B.T.  (Docs. 20, 21).

**II.    Renewed Motions to Appoint Guardian Ad Litem (Docs. 20, 21)**

**A.    Governing Authority**

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor may sue or defend on the minor's behalf.  Fed. R. Civ. P. 17(c).  A court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."  *Id*.  The capacity of an individual to sue is determined "by the law of the individual's domicile."  Fed. R. Civ. P. 17(b)(1).

Under California law, an individual under the age of 18 is a minor, and a minor may bring suit if a guardian conducts the proceedings.  Cal. Fam. Code §§ 6502, 6601.  The Court may appoint a guardian ad litem to represent the minor's interests.  Cal. Code Civ. P. § 372(a).  To evaluate whether to appoint a particular guardian ad litem, the Court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1); *see id.* § 372(d)(1)–(2) ("Before a court appoints a guardian ad litem pursuant to this chapter, a proposed guardian ad litem shall disclose both of the following to the court and all parties to the action or proceeding: (1) Any known actual or potential

conflicts of interest that would or might arise from the appointment[; and] (2) [a]ny familial or affiliate relationship the proposed guardian ad litem as with any of the parties.").

The appointment of the guardian ad litem is more than a mere formality. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). A Court shall take whatever measures it deems appropriate to protect the interests of the individual during the litigation. *See id*. (noting, "[a] guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation."). The guardian need not possess any special qualifications, but she must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp.3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)). This means that the guardian cannot face an impermissible conflict of interest with the ward, and courts consider the candidate's "experience, objectivity and expertise" or previous relationship with the ward. *Id*. (citations omitted).

Further, the Local Rules of the Eastern District of California provide:

> (a) Appointment of Representative or Guardian. Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c); …
>
> (c) Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount. (E.D. Cal. Local Rule 202).

The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804. Fit parents are presumed to act in the best interests of their children. *Troxel v. Granville*, 530 U.S. 57, 66 (2000). However, "if the parent has an actual or potential conflict of interest with [their] child, the parent has no right to control or influence the child's

litigation." *Molesky for J.M. v. Carillo*, No. 1:22-cv-1567-ADA-CDB, 2022 WL 17584396, at *1 (E.D. Cal. Dec. 12, 2022) (quoting *Williams v. Super. Ct. of San Diego*, 147 Cal. App. 4th 36, 50 (2007)).

### B.      Analysis

Plaintiffs' renewed motions represent that Plaintiffs D.L.M. and A.B.T., as minors, cannot appear in this action except through a guardian ad litem. (Doc. 20 at 2; Doc. 21 at 2). Plaintiffs represent that Maritza Plasenia-Mares, the mother of D.L.M., and Jacqueline M. Torres, the mother of A.B.T., have no adverse interest to those of their respective minor child and are not connected with any adverse party, are competent to understand and protect their respective minor child's rights, and are willing, ready and able to serve as their minor child's guardian ad litem. (Doc. 20 at 4-5; Doc. 21 at 4-5). Ms. Torres and Ms. Plasenia-Mares each filed declarations attesting to these representations, and each declare that they individually have reviewed and understand responsibilities associated with serving as guardian ad litem and are willing to accept those responsibilities. (Doc. 20-1, Declaration of Jacqueline M. Torres ("Torres Decl.") ¶¶ 1-5, 6)); (Doc. 21-1, Declaration of Maritza Plasenia-Mares ("Plasenia-Mares Decl.") ¶¶ 1-5, 6)).

Counsel for Plaintiffs Loyst P. Fletcher declares that he was retained directly by the adult Plaintiffs Aniceto Cruz and Patricia Flores to represent all Plaintiffs in this matter, including minor Plaintiffs A.B.T. and D.L.M., and no Defendant or any representative or person affiliated with any Defendant played any role in counsel's retention or involvement in this action or in the preparation of the instant applications. *See* (Docs. 20-2, 21-2 Declarations of Loyst P. Fletcher ("Fletcher Decls.") ¶ 2). Counsel declares that neither he nor any attorney or staff member of his office stands in any relationship with any Defendant in this action and that there are no financial, business, or other affiliation between counsel and any adverse party. *Id.* ¶ 3. Counsel further declares that he has received and expects to receive compensation solely from Plaintiffs pursuant to a standard contingency-fee agreement. *Id.* ¶ 4.

The Court finds that the standards for the appointment of Ms. Torres have been met and that she is competent and qualified to serve as guardian ad litem for A.B.T. Likewise, the Court finds the standards for the appointment of Ms. Plasenia-Mares have been met and that she is competent and qualified to serve as guardian ad litem for D.L.M. *See* Local Rule 202(c). Therefore, the Court shall

grant the applications to appoint Ms. Torres as guardian ad litem for A.B.T. and appoint Ms. Plasenia-Mares as guardian ad litem for D.L.M.

      **C.**      **Requirement for Guardian ad Litem to be Represented by Counsel**

A guardian ad litem is authorized to act on behalf of the incompetent party, "make all appropriate decisions in the course of specific litigation," "make binding contracts for the retention of counsel and expert witnesses and may settle the claim[.]" *30.64 Acres of Land*, 795 F.2d at 805. However, as is the case here, a party with a non-attorney guardian ad litem must have counsel in order to litigate a case. *See Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself.") (quotation and citation omitted). Accordingly, the Court will direct Plaintiffs to file a notice of appearance by counsel on behalf of Jacqueline M. Torres and Maritza Plasenia-Mares.

**III.**      **Conclusion and Order**

Accordingly, it is HEREBY ORDERED:

1. Plaintiffs' renewed motions for the appointment of guardian ad litem for minor Plaintiffs D.L.M. and A.B.T. (Docs. 20, 21) are GRANTED;

2. Jacqueline Torres is appointed to act as guardian ad litem for Plaintiff A.B.T. and is authorized to prosecute the action on A.B.T.'s behalf;

3. Maritza Plasenia-Mares is appointed to act as guardian ad litem for Plaintiff D.L.M. and is authorized to prosecute the action on D.L.M.'s behalf;

4. The Clerk of the Court is DIRECTED to update the docket to reflect the name of Jacqueline Torres as guardian ad litem for Plaintiff A.B.T., and the name of Maritza Plasenia-Mares as guardian ad litem for Plaintiff D.L.M.; and

5. Within **14 days** of entry of this order, Plaintiffs file a notice of appearance by counsel on behalf of Jacqueline Torres and Maritza Plasenia-Mares.

IT IS SO ORDERED.

Dated:   **November 21, 2025**              _____
                                                             UNITED STATES MAGISTRATE JUDGE