UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANICETO CRUZ, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>DOES 1-50,<br><br>        Defendant. | Case No. 1:25-cv-01278-KES-CDB<br><br>ORDER GRANTING MOTION TO EXTEND TIME *NUNC PRO TUNC* TO FILE MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>(Doc. 33)<br><br>May 19, 2026 Deadline |

**Relevant Background**

Plaintiffs Aniceto Cruz, Patricia Flores, Estate of Josafat Bonifacio, minor A.B.T., as successor in interest to Josafat Bonifacio, by and through his guardian ad litem Jacqueline M. Torres Maldonado, and minor D.L.M., as successor in interest to Josafat Bonifacio, by and through his purported guardian ad litem, Maritza Plasenia-Mares (collectively, "Plaintiffs") initiated this action with the filing of a complaint on September 26, 2025.  (Doc. 1).

Because Plaintiffs' original complaint named only two identified defendants, both of whom plainly appeared immune from suit under the Eleventh Amendment to the U.S. Constitution, on October 1, 2025, the Court ordered Plaintiffs to show cause why those two defendants should not be dismissed. (Doc. 4).  On October 11, 2025, Plaintiffs filed a response to the show cause order in which they conceded that the two named defendants were immune from suit, and that they would seek to file an

1

amended complaint naming only Doe defendants.  (Doc. 5).  On October 22, 2025, Plaintiffs filed the operative, first amended complaint, asserting claims against Does 1-50.  (Doc. 8).

More than two months later, Plaintiffs filed a scheduling report in which they acknowledged they had failed to timely serve summons and complaint on any defendant and represented that they were "researching how to effectuate service without having the prison and the Warden named as Defendants." (Doc. 27 at 2).  Accordingly, the Court continued the scheduling conference and commended to the attention of counsel Rule 45, Fed. R. Civ. P., for its applicability to Plaintiffs' service of non-party subpoenas to determine the identity of the Doe defendants.  (Doc. 28).

On January 20, 2026, Plaintiffs filed a "Notice of Intent" to serve a non-party with a Rule 45 subpoena in connection with their efforts to determine the identity of the unnamed Doe defendants. (Doc. 29).  Although Plaintiffs by then had failed to timely serve Defendants (*see* Fed. R. Civ. P. 4(m)), the Court found limited good cause to extend the time for service and directed Plaintiffs to effect service of summons and complaint upon the Doe defendants no later than February 20, 2026.  (Doc. 30).  The Court admonished Plaintiffs that any failure to timely effect service of process upon the Doe defendants and file summonses returned executed would result in a recommendation that the unserved Defendants be dismissed.  *Id.*

On February 16, 2026 – four weeks after they represented to the Court they intended to serve Rule 45 subpoenas – Plaintiffs filed a report in which they represented they served public records requests pursuant to state law upon the California Department of Corrections and Rehabilitation (CDCR) on February 5, 2026 (two weeks after the Court's order directing Plaintiffs to effect service of summons and complaint).  Plaintiffs indicated in their report that CDCR was expected to "provide a determination" concerning the public records request no later than March 3, 2026.

On February 17, 2026, Plaintiffs were ordered to file no later than March 20, 2026, any motion for leave to file a second amended complaint.  (Doc. 32).

**Motion to Extend Time to File Motion for Leave to File Second Amended Complaint**

Pending before the Court is Plaintiffs' motion for a further extension of time to file a motion for leave to file a second amended complaint, filed on March 20, 2026.  (Doc. 33).  Counsel for Plaintiffs declares that on March 6, 2026, CDCR responded to Plaintiffs' requests pursuant to the California Public

Records Act seeking records necessary to identify Doe defendants, representing that CDCR had identified responsive, non-exempt records, but that CDCR did not produce any records at that time and did not provide a timeline for production. *Id.* ¶¶ 3, 4. Counsel declares that on March 8, 2026, he sent correspondence to CDCR regarding the status of the requested records and requesting prompt production and has since continued to follow up regarding the production of these records, but despite his efforts, CDCR has not produced any responsive records. *Id.* ¶ 5. Counsel declares that Plaintiffs have acted diligently in seeking the requested information and have followed up with CDCR and that the delay in production is outside Plaintiffs' control. *Id.* ¶¶ 9, 10. Plaintiffs therefore request an extension of time to May 19, 2026, to file their motion for leave to file a second amended complaint so that Plaintiffs may obtain the necessary information and properly identify the appropriate defendants. *Id.* ¶ 11.

**Discussion**

Requests for extensions of time in the Eastern District of California are governed by Local Rule 144, which provides: "Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent." L.R. 144(d). That rule further provides, "Requests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor." *Id.*

First, based on the content of counsel's declaration, it was abundantly clear well before the March 20 deadline to file an amended complaint that counsel required additional time to comply with the Court's order. Yet, counsel waited until the very deadline he seeks to extend before filing a request for extension – in plain violation of Local Rule 144 and requiring this Court to order precisely what Rule 144 characterizes as disfavored, to wit, *nunc pro tunc* relief.

Second, notwithstanding the Court's identification of Rule 45 as the proper recourse for seeking information about unnamed defendants and Plaintiffs' representation they intended to serve Rule 45 subpoenas, it appears instead that Plaintiffs are seeking to obtain relevant records from CDCR through a California Public Records Act request. Counsel presumably appreciates that, while this Court has jurisdiction to enforce subpoenas issued pursuant to Rule 45, it is unlikely to have recourse to enforce records requests issued pursuant to state law. The Court has concerns that counsels' apparent decision

to forgo their earlier-stated intention to serve Rule 45 subpoenas limits its ability to manage its docket in this case and ensure that the action is determined in a speedy and just manner.  Fed. R. Civ. P. 1.

The Court finds good cause to grant one final extension of the deadline for Plaintiffs to file a motion for leave to file a second amended complaint that identifies by name at least one of the Doe defendants upon whom service of summons and complaint may be effected, based on the representation that CDCR has not produced any responsive records nor has provided a definitive timeline for the production thereof, here, No further extensions will be granted absent a showing of extraordinary circumstances.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED:

1. Plaintiffs' motion for an extension of time for leave to file a motion for leave to file a second amended complaint (Doc. 33) is GRANTED; and

2. Plaintiffs SHALL FILE a motion for leave to file a second amended complaint no later than **May 19, 2026**.  No further extensions of time shall be granted absent extraordinary circumstances.

IT IS SO ORDERED.

Dated:    **March 23, 2026**                     _____
                                                UNITED STATES MAGISTRATE JUDGE