UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANICETO CRUZ, *et al.*,<br><br>                    Plaintiffs,<br><br>        v.<br><br>DOES 1-50,<br><br>                    Defendant. | Case No. 1:25-cv-01278-KES-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 4(m) AND FOR PLAINTIFF'S FAILURE TO PROSECUTE AND TO OBEY COURT ORDERS<br><br>(Doc. 33)<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiffs filed the operative first amended complaint filed seven months ago. Plaintiffs failed to take *any* action to effect service of process upon the named Doe defendants within the 90-day deadline that governs under Federal Rule of Civil Procedure 4(m) ("Rule 4(m)") and, to date, have failed to complete service of process upon any defendant. Notwithstanding the Court's repeated extensions of time and admonitions to Plaintiffs, they have failed to act diligently or demonstrate good cause for further extensions of the service deadline. Accordingly, dismissal of the action is warranted under Rule 4(m) and as a sanction for Plaintiffs' failures to comply with the Court's orders and to prosecute this action.

**Relevant Background**

Plaintiffs Aniceto Cruz, Patricia Flores, Estate of Josafat Bonifacio, minor A.B.T., as successor in interest to Josafat Bonifacio, by and through his guardian ad litem Jacqueline M. Torres Maldonado,

1

and minor D.L.M., as successor in interest to Josafat Bonifacio, by and through his guardian ad litem, Maritza Plasenia-Mares (collectively, "Plaintiffs") initiated this action with the filing of a complaint on September 26, 2025.  (Doc. 1).

Because Plaintiffs' original complaint named only two identified defendants—State of California and North Kern State Prison ("NKSP")—both of whom plainly are immune from suit under the Eleventh Amendment to the U.S. Constitution, on October 1, 2025, the Court ordered Plaintiffs to show cause why those two defendants should not be dismissed.  (Doc. 4).  On October 11, 2025, Plaintiffs filed a response to the show cause order in which they conceded that the two named defendants were immune from suit, and that they would seek to file an amended complaint naming only Doe defendants.  (Doc. 5).  On October 22, 2025, Plaintiffs filed the operative, first amended complaint, asserting claims against Does 1-50.  (Doc. 8).

More than two months later, Plaintiffs filed a scheduling report in which they acknowledged they had failed to timely serve summons and complaint on any defendant and represented that they were "researching how to effectuate service without having the prison and the Warden named as Defendants." (Doc. 27 at 2).  Accordingly, the Court continued the scheduling conference and commended to the attention of counsel Rule 45, Fed. R. Civ. P., for its applicability to Plaintiffs' service of non-party subpoenas to determine the identity of the Doe defendants.  (Doc. 28).

On January 20, 2026, Plaintiffs filed a "Notice of Intent" to serve a non-party with a Rule 45 subpoena in connection with their efforts to determine the identity of the unnamed Doe defendants. (Doc. 29).  Although Plaintiffs by then had failed to timely serve Defendants (*see* Fed. R. Civ. P. 4(m)), the Court found limited good cause to extend the time for service and directed Plaintiffs to effect service of summons and complaint upon the Doe defendants no later than February 20, 2026.  (Doc. 30).  The Court admonished Plaintiffs that any failure to timely effect service of process upon the Doe defendants and file summonses returned executed would result in a recommendation that the unserved Defendants be dismissed.  *Id.*

On February 16, 2026—four weeks after they represented to the Court they intended to serve Rule 45 subpoenas—Plaintiffs filed a report in which they represented they served state law public records requests upon the California Department of Corrections and Rehabilitation (CDCR) on February

5, 2026 (two weeks after the Court's order directing Plaintiffs to effect service of summons and complaint). (Doc. 31). Plaintiffs indicated in their report that CDCR was expected to "provide a determination" concerning the public records request no later than March 3, 2026. *Id.* at 6.

On February 17, 2026, Plaintiffs were ordered to file no later than March 20, 2026, any motion for leave to file a second amended complaint. (Doc. 32). Instead of complying with that order, on the Court-ordered deadline to file an amended complaint, Plaintiffs filed a further request for an extension. (Doc. 33). Plaintiffs indicated in their filing that they remained in communication with CDCR concerning their earlier records request. However, notably absent from Plaintiffs' report was any indication that they had followed the Court's direction months earlier to seek information about the Doe defendants through a Rule 45 subpoena. Nevertheless, on March 23, 2026, the Court granted "one final extension"—to May 19, 2026—"of the deadline for Plaintiffs to file a motion for leave to file a second amended complaint that identifies by name at least one of the Doe defendants upon whom service of summons and complaint may be effected[.]" (Doc. 34 at 4). The Court admonished that "[n]o further extensions will be granted absent a showing of extraordinary circumstances." *Id.* The Court noted in the order that despite the Court's earlier advisement "of Rule 45 as the proper recourse for seeking information about unnamed defendants and Plaintiffs' representation the intended to serve Rule 45 subpoenas," … "[t]he Court has concerns that counsels' apparent decision to forgo their … intention to serve Rule 45 subpoenas limits its ability to manage its docket in this case and ensure that the action is determined in a speedy and just manner." *Id.* at 3-4 (citing Fed. R. Civ. P. 1).

Further, despite its earlier admonition to Plaintiffs that their requests for extensions filed on the very deadline they sought to extend violated Local Rule 144 (*see* Doc. 34), on May 19, 2026 (the deadline for filing a motion to amend naming at least one of the Doe defendants), Plaintiffs filed the pending motion for leave to file a second amended complaint ("SAC") in which they request an additional 60 days within which to file a SAC. (Doc. 35). Plaintiffs represent the purpose of their anticipated proposed pleading is to re-name NKSP—a defendant that was voluntarily dismissed from this action after Plaintiffs conceded NKSP was immune from suit (*see* Docs. 4, 5, 10)—and to name NKSP Warden Kelly Santoro as defendants. *Id.* at 3. Plaintiffs seek to retain Doe defendant designations in the SAC and further leave "to substitute the individual defendants' true names upon

identification." *Id.* Plaintiffs assert they "acted promptly" to include the Warden and NKSP as proposed defendants. *Id.* at 5.

### Governing Authority

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In addition, Rule 4(m) of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Absent a showing of good cause, failure to comply with Rule 4(m) requires dismissal of any unserved defendant.

///

4

**<u>Discussion</u>**

Here, Plaintiffs have failed to comply with Rule 4(m) in timely effecting service of process upon the Doe defendants.  Specifically, notwithstanding that Plaintiffs filed the operative first amended complaint on October 22, 2025, they failed to exercise any diligence in timely effecting service of process.  When the 90-day deadline under Rule 4(m) passed, the Court found limited good cause to grant Plaintiffs an extension of the 90-day deadline based on their representation that they intended to serve Rule 45 subpoenas to discover the identity of the Doe defendants.  (Docs. 29, 30).  The Court admonished Plaintiffs that their failure to timely effect service of process upon the Doe defendants and file summonses returned executed would result in a recommendation that the unserved Defendants be dismissed.  (Doc. 30).

Over the four months that followed the Court's admonition, Plaintiffs have failed to identify and timely effect service of process upon any of the Doe defendants.  Nor have they complied with the Court's extended deadline to file an amended complaint naming at least one Doe defendant.  Instead, although captioned a "motion for leave to file second amended complaint," the filing instead is a further request for 60 additional days to file a SAC that identifies the Doe defendants.  (Doc. 35).  However, as Plaintiffs were made aware in the Court's earlier granting of an extension of time, no further extensions of the deadline to identify by name at least one of the Doe defendants upon whom service of summons and complaint may be effected is warranted "absent a showing of extraordinary circumstances."  (Doc. 34 at 4).

No such extraordinary circumstances are present here.  Plaintiffs failed to undertake any efforts to identify and serve process upon the Doe defendants within the Rule 4(m) 90-day deadline.  *See* (Docs. 27, 29).  Nevertheless, the Court granted Plaintiffs several extensions of the Rule 4(m) deadline based on their representations to the Court about their intentions to diligently seek to discover the Doe defendants' identities.  However, despite the Court's admonition that Plaintiffs pursue such discovery efforts through use of Rule 45 subpoenas—a form of process that is enforceable by this Court—Plaintiffs instead reportedly sought information to facilitate identifying and serving the Doe defendants through usage of California Public Records Act requests.  Their attempt now to obtain a further two-month extension to comply with their service obligations under Rule 4(m) by proposing to add the NKSP

warden and NKSP itself is meritless.  First, the NKSP warden is not a Doe defendant and there is no explanation by Plaintiffs why the warden was not named as a defendant in the original complaint. Second, Plaintiffs voluntarily dismissed NKSP approximately six months ago after conceding that it is immune from suit here.

In short, because Plaintiffs do not demonstrate good cause for failing to timely identify and serve the Doe defendants, imposing the sanction of dismissal is not only warranted, but required under Rule 4(m).  Accordingly, the undersigned will recommend the Court exercise its broad discretion to decline to extend the time within which Plaintiffs may effect service of process upon the Doe defendants, and that Doe defendants be dismissed without prejudice pursuant to Rule 4(m).  *See In re Sheehan*, 253 F.3d 507, 513 (9th Cir.2001) (holding that "the court's discretion is broad" to dismiss an action where a plaintiff does not demonstrate good cause for failing to timely effect service of process by the Rule 4(m) deadline).

Additionally, the undersigned finds it appropriate to recommend this action be dismissed without prejudice for Plaintiffs' failure to prosecute and to comply with the Court's orders and Local Rules. Plaintiffs failed to file a motion for leave to file a SAC that identifies by name at least one of the Doe defendants upon whom service of summons and complaint may be effected by the May 19, 2026, deadline and have not made any further request for extension of that deadline supported by good cause. There are no other reasonable alternatives available to address Plaintiffs' failure to effect service on Doe defendants and obey this Court's orders.  Thus, the first and second factors—the expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal.  *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to Doe defendants, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  This matter cannot proceed further without Plaintiffs' participation to prosecute the case and identify and effect service upon the Doe defendants since Plaintiffs were first admonished on January 21, 2026, of the need to do so under Rule 4(m).  (Doc. 30).  The presumption of injury holds given Plaintiffs' unreasonable delay in prosecuting this action.

Thus, the third factor—a risk of prejudice to the Doe defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiffs have not moved this case forward toward disposition on the merits. Instead, they have failed to comply with this Court's orders, the Federal Rules of Civil Procedure, and the Local Rules, thereby impeding the progress of this action. Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, the Court's January 21, 2026, order, requiring a response from Plaintiffs, cautioned that the unserved Doe defendants are subject to dismissal under Rule 4(m) for Plaintiffs' failure to properly serve the summons and complaint—and because the Doe defendants are the only defendants named, their dismissal warrants dismissal of this action in its entirety. *See* (Doc. 30) (citing Fed. R. Civ. P. 4(m); *see id.* ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). Plaintiffs were adequately forewarned that the failure to prosecute and the failure to effect service in a timely manner could result in terminating sanctions. Because Plaintiffs have failed to comply with this Court's orders and in so doing are failing to prosecute their case, the undersigned will recommend dismissal of this action.

**Conclusion and Recommendation**

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendants Does 1-50 and this action be DISMISSED without prejudice pursuant to Federal Rules of Civil Procedure 4(m).

2. This action be DISMISSED without prejudice for Plaintiffs' failure to prosecute this action and to comply with the Court's orders and the Local Rules.

7

3.   The Clerk of the Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown.  The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number.  Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **May 26, 2026**

_____
UNITED STATES MAGISTRATE JUDGE