UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTICO CRUZ, *et al.*,<br><br>            Plaintiffs,<br><br>    v.<br><br>DOES 1-50,<br><br>            Defendant. | Case No. 1:25-cv-01278-KES-CDB<br><br>ORDER GRANTING PLAINTIFFS' RENEWED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT<br><br>(Doc. 41)<br><br>**7-DAY DEADLINE**<br><br><u>Clerk of the Court to Issue Summonses</u> |

Pending before the Court is the renewed motion of Plaintiffs Aniceto Cruz, Patricia Flores, Estate of Josafat Bonifacio, minor A.B.T., as successor in interest to Josafat Bonifacio, by and through his guardian ad litem Jacqueline M. Torres Maldonado, and minor D.L.M., as successor in interest to Josafat Bonifacio, by and through his guardian ad litem, Maritza Plasenia-Mares (collectively, "Plaintiffs") for leave to file a second amended complaint ("SAC"), filed on July 6, 2026. (Doc. 41). Following its review of the motion and the pleadings, the Court deems Plaintiffs' motion submitted for decision without hearing or oral argument and vacates the motion hearing set for August 17, 2026. Local Rule 230(g).

## I.    Relevant Background

### A.    Procedural History

Plaintiffs initiated this action with the filing of a complaint on September 26, 2025. (Doc. 1). Because Plaintiffs' original complaint named two defendants—State of California and North

Kern State Prison ("NKSP")—both of whom plainly appear immune from suit under the Eleventh Amendment to the U.S. Constitution, on October 1, 2025, the Court ordered Plaintiffs to show cause why those two defendants should not be dismissed. (Doc. 4). On October 11, 2025, Plaintiffs filed a response to the show cause order in which they conceded that the two named defendants were immune from suit, and that they would seek to file an amended complaint naming only Doe defendants. (Doc. 5). On October 22, 2025, Plaintiffs filed the operative, first amended complaint, asserting claims against Does 1-50. (Doc. 8).

The Court has recounted in several orders it issued over the ensuring months Plaintiffs' unsuccessful efforts to identify and seek leave of Court to substitute named parties for the Doe defendants, notwithstanding the Court's grant of adequate time to do so. *E.g.*, (Docs. 28, 30, 32, 34, 36). Following numerous extensions of time, the Court ordered Plaintiffs to file no later than July 6, 2026, a renewed motion for leave to file a SAC, annexed with the proposed pleading (*see* Local Rule 137(c)) that identifies by name in the caption and body of the pleading at least one of the Doe defendants. *Id.*

### B.    Plaintiffs' Proposed SAC

On July 6, 2026, Plaintiffs filed the pending, renewed motion for leave to file a SAC. (Doc. 41). Therein, Plaintiffs note the proposed SAC identifies 11 Doe defendants by name and substitutes them in places of Does 1 through 11. *Id.* at 2; *see* (Doc. 41-1, Declaration of Loyst P. Fletcher ("Fletcher Decl.") ¶¶ 16-17, 32). Plaintiffs assert the 11 proposed defendants—Leonor Martinez, Alex Rivas, Eric Smith, Damian Cortez, David Lopez, Ulysses Correa, Javier Vega, Carlos Valencia, Ivan Gallardo, Ana Garcia, and Kevin Hixon—are identified through records produced by CDCR in response to Plaintiffs' subpoena and related document-production process. *Id.*; Fletcher Decl. ¶¶ 17-28. A copy of the proposed SAC is attached to the motion as Exhibit A. *See* (Doc. 41-1, "Ex. A"). The proposed SAC asserts claims for failure to protect, failure to provide medical care, deprivation of familial relationship, and supervisory liability under 42 U.S.C. § 1983. *See id.*

### II.    Governing Law

Federal Rule of Civil Procedure 15 permits a plaintiff to amend the complaint once as a

2

matter of course no later than 21 days after service of the complaint or 21 days after service of a responsive pleading or motion to dismiss, whichever is earlier. *See* Fed. R. Civ. P. 15(a)(1). After such time has passed or plaintiff has once amended their complaint, amendment may only be by leave of the court or by written consent of the adverse parties. Fed. R. Civ. P. 15(a)(2). "Rule 15(a) is very liberal" and a court should freely give leave to amend when "justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *see Chodos v. W. Publ. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("it is generally our policy to permit amendment with 'extreme liberality'") (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)).

Granting or denying leave to amend a complaint under Rule 15 is within the discretion of the court. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir, 1981); *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011) ("refusing Chudacoff leave to amend a technical pleading error, albeit one he should have noticed earlier, would run contrary to Rule 15(a)'s intent.").

A court ordinarily considers five factors to assess whether to grant leave to amend: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not weighed equally. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see Atkins v. Astrue*, No. C 10–0180 PJH, 2011 WL 1335607, at *3 (N.D. Cal. Apr. 7, 2011) (the five factors "need not all be considered in each case"). Undue delay, "by itself … is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). On the other hand, futility of amendment and prejudice to the opposing party can, by themselves, justify the denial of a motion for leave to amend. *Bonin*, 59 F.3d at 845; *see Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (the consideration of prejudice to the opposing party carries the greatest weight).

In conducting this five-factor analysis, the court generally grants all inferences in favor of

permitting amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Moreover, the court must be mindful that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

### III.   Discussion

The Court addresses the relevant factors set forth in *Nunes* below.

#### A.   Bad Faith

A motion to amend is made in bad faith where there is "evidence in the record which would indicate a wrongful motive" on the part of the litigant requesting leave to amend. *DCD Programs*, 833 F.2d at 187; *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015) ("In the context of a motion for leave to amend, 'bad faith' means acting with intent to deceive, harass, mislead, delay, or disrupt.") (citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006)).

Here, there is no information before the Court suggesting bad faith on the part of Plaintiffs in seeking leave to amend. Plaintiffs filed their renewed motion for leave to file a SAC once they obtained and reviewed relevant CDCR materials necessary to identify the Doe defendants. (Doc. 41 at 10); Fletcher Decl. ¶¶ 15-17, 34. Accordingly, this factor weighs in favor of amendment.

#### B.   Undue Delay

By itself, a showing of undue delay is insufficient to deny leave to amend pleadings. *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973); *DCD Programs*, 833 F.2d at 186. However, in combination with other factors, delay may be sufficient to deny amendment. *Webb*, 655 F.2d at 979-80; *see Lockheed Martin Corp. v. Network Solutions Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (substantial delay, while not dispositive, is relevant to whether to permit amendment). In assessing whether any delay is undue, a court shall consider if "the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (citations omitted). The mere fact that a party fails to offer a reason for not moving to amend earlier does not in itself constitute an adequate basis for denying leave to amend. *Howey*, 481 F.2d at 1190-91. Whether there has been "undue delay"

4

should be considered in the context of (1) the length of the delay measured from the time the moving party obtained relevant facts; (2) whether discovery has closed; and (3) proximity to the trial date. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798-99 (9th Cir. 1991).

Although Plaintiffs did not proceed expeditiously in complying with the Court's orders to diligently pursue through available discovery means the identities of the Doe defendants and seek leave of Court to substitute, the Court finds no indication here of *undue* delay. Eventually, Plaintiffs timely filed the renewed motion to amend following their reported receipt of CDCR's production of documents on July 2, 2026, allowing them to identify the Doe defendants by name. Fletcher Decl. ¶¶ 13-16, 34. As such, this factor weighs in favor of amendment.

### C.    Prejudice to Opposing Party

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. *Eminence Capital*, 316 F.3d at 1052. The burden of showing prejudice is on the party opposing an amendment to the complaint. *DCD Programs, Ltd.*, 833 F.2d at 187. There is a presumption in favor of granting leave to amend where prejudice is not shown under Rule 15(a). *Eminence Capital*, 316 F.3d at 1052.

Here, Plaintiffs' proposed SAC substitutes the true names for the Doe defendants of the FAC and does not alter the nature of this case. Further, there is no indication of prejudice by a grant of the motion. Thus, this factor weighs in favor of amendment.

### D.    Prior Amendments and Futility of Amendment

The Court's discretion to deny leave to amend is "particularly broad" where a party has previously amended the pleading. *Allen v. Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). A court may deny leave to amend if the proposed amendment is futile or would be subject to dismissal. *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). An amendment is futile if the complaint clearly could not be saved by amendment. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). "Ordinarily, 'courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.'" *Zurich Am. Ins. Co. of Illinois v. VForce Inc.*, No. 2:18-cv-02066-

TLN-CKD, 2020 WL 2732046, at *3 (E.D. Cal. May 26, 2020) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)).

Here, Plaintiffs' proposed amendments would constitute the second amendment to the pleadings by substituting the true names of the Doe defendants named in the FAC. Therefore, the Court finds this factor to weigh in favor of granting leave to amend.

Plaintiffs represent that amendment would not be futile as the amendment provides sufficient allegations against the proposed named defendants and allows for service of the defendants and for the litigation of this action to proceed on the merits. (Doc. 41 at 11); Fletcher Decl. 18-31. The Court finds no clear indication of futility on the face of the proposed SAC. *See* Ex. A. Thus, this factor weighs in favor of granting leave to amend.

*   *   *   *   *

Because the factors enunciated in *Nunes* all weigh in favor of amendment, the Court will grant Plaintiffs' motion for leave to file the proposed SAC.

## IV.    Conclusion and Order

For the foregoing reasons, IT IS HEREBY ORDERED:

1. Plaintiffs' motion for leave to file a second amended complaint ("SAC") (Doc. 41) is GRANTED (*see* Fed. R. Civ. P. 15(a)(2));

2. **Within seven (7) days** of entry of this order, Plaintiffs SHALL FILE as a stand-alone docket entry the SAC proposed in the motion (Doc. 41-1, "Ex. A");

3. Upon its filing, the SAC shall become Plaintiffs' operative pleading in this action;

4. The Clerk of the Court is DIRECTED to issues summonses for each Defendant; and

5. Following service and appearance, Defendants' pleading responsive to the SAC shall be filed in accordance with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15(a)(3).

IT IS SO ORDERED.

Dated:   **July 7, 2026**                                    _____

UNITED STATES MAGISTRATE JUDGE