UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANTICO CRUZ, *et al.*,

Plaintiffs,

v.

DOES 1-50,

Defendant.

Case No. 1:25-cv-01278-KES-CDB

ORDER DENYING PLAINTIFFS' *EX PARTE* APPLICATION FOR EXTENSION OF TIME TO COMPLETE SERVICE OF SECOND AMENDED COMPLAINT UNDER FED. R. CIV. P. 4(m)

(Doc. 46)

**Relevant Background**

Plaintiffs Aniceto Cruz, Patricia Flores, Estate of Josafat Bonifacio, minor A.B.T., as successor in interest to Josafat Bonifacio, by and through his guardian ad litem Jacqueline M. Torres Maldonado, and minor D.L.M., as successor in interest to Josafat Bonifacio, by and through his guardian ad litem, Maritza Plasenia-Mares (collectively, "Plaintiffs") initiated this action with the filing of a complaint on September 26, 2025. (Doc. 1). On October 22, 2025, Plaintiffs filed its first amended complaint, asserting claims only against Does 1-50. (Doc. 8).

The Court has recounted in several orders it issued over the ensuring months Plaintiffs' unsuccessful efforts to identify and seek leave of Court to substitute named parties for the Doe defendants, notwithstanding the Court's grant of adequate time to do so. *E.g.*, (Docs. 28, 30, 32, 34, 36). Following numerous extensions of time, the Court ordered Plaintiffs to file no later than July 6, 2026, a renewed motion for leave to file a second amended complaint ("SAC"), annexed

with the proposed pleading (*see* Local Rule 137(c)) that identifies by name in the caption and body of the pleading at least one of the Doe defendants. *Id.* Plaintiffs filed said motion on July 6, 2026. (Doc. 41).

On July 7, 2026, the Court granted Plaintiffs' renewed motion for leave to amend to file a SAC. (Doc. 42). Plaintiff timely filed the SAC on July 14, 2026. (Doc. 43). Summonses for all 11 named defendants were issued the next day. (Docs. 44, 45).

**Discussion**

Pending before the Court is Plaintiffs' ex parte application for an extension of time to complete service of the SAC and summonses upon Defendants, filed September 30, 2026. (Doc. 46). Plaintiffs represent that the time to complete service has expired and that service was not completed within the time allowed. *Id.* at 2. Counsel for Plaintiffs declares that Plaintiffs acknowledge the delay and are now taking immediate steps to complete service through an investigator and/or registered process server. *Id.* at 3, 4.

Rule 4(m) of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Absent a showing of good cause, failure to comply with Rule 4(m) requires dismissal of any unserved defendant.

Here, Plaintiff erroneously asserts that the time to effect service of the SAC has "expired." The SAC was filed on July 14, 2026, making the deadline for service of process upon Defendants under Rule 4(m) no later than October 12, 2026. *See* Fed. R. Civ. P. 4(m).

Plaintiffs fail to demonstrate any good cause exists to warrant extension of the time under Rule 4(m) to complete service of the SAC. Specifically, notwithstanding that more than 75 days have passed since the summonses were issued, in their ex parte application, Plaintiffs make no showing why that amount of time has been inadequate to complete service of process – in fact, because they describe no efforts undertaken to accomplish service, it remains unclear whether and the extent to which Plaintiffs have even attempted to serve Defendants. Because they fail to demonstrate that they are unable to meet the October 12, 2026, deadline to serve Defendants, taking

into account the exercise of due diligence, the Court will deny Plaintiffs' ex parte application.

**Conclusion and Order**

For the foregoing reasons, IT IS HEREBY ORDERED:

1. Plaintiffs' ex parte application for an extension of time to complete service of the second amended complaint (Doc. 46) is DENIED. *See* Fed. R. Civ. P. 4(m); and
2. Pursuant to Fed. R. Civ. P. 4(m), no later than **October 12, 2026**, Plaintiffs SHALL FILE summonses returned executed as to each Defendant.

**Any failure by Plaintiffs to timely comply with this order may result in a recommendation that unserved Defendants be dismissed without prejudice for failure to timely serve the complaint and summonses pursuant to Fed. R. Civ. P. 4.**

IT IS SO ORDERED.

Dated: **October 1, 2026**

UNITED STATES MAGISTRATE JUDGE